Doris McCrorey, Administratrix (Estate of Maggie Chambers) *v.* George S. Heilpern

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued December 9, 1975—decision released February 10, 1976

*Donald W. O'Brien,* for the appellant (defendant).
*Joseph P. Kenny,* for the appellee (plaintiff).

Per Curiam. The plaintiff administratrix brought this action to recover damages for personal injuries allegedly sustained by the plaintiff's decedent as a result of an alleged defect in housing premises owned by the defendant. The jury returned a plaintiff's verdict, and from the judgment the defendant has appealed, assigning error in the trial court's denial of his motions to set aside the verdict and for judgment notwithstanding the verdict, in its rulings on evidence, and in its charge.

The plaintiff's decedent was a tenant in an apartment building owned by the defendant. On February 8, 1970, the decedent fell to the floor of the hallway outside the kitchen door of her apartment and sustained serious injuries. The defendant landlord was in possession and control of that hallway. Although the evidence in this case was conflicting on almost all points, the plaintiff did present evidence from which the jury could have reasonably

concluded that there was a hole, large enough to catch the heel of a woman's shoe, located in the floor of the hallway, and that the decedent's fall was caused by the heel of her shoe "catching" or "going down" into that hole.

"It is a familiar rule that the landlord is under a duty to use reasonable care to keep those parts of his building which are under his control in a reasonably safe condition and that if he fails in that duty and has actual or constructive notice of the defect in time to remedy it an injured plaintiff who is himself in the exercise of due care can recover." *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710; see, e.g., *Pollack* v. *Gampel,* 163 Conn. 462, 468, 313 A.2d 73; *Kirby* v. *Zlotnick,* 160 Conn. 341, 344, 278 A.2d 822; *Monahan* v. *Montgomery,* 153 Conn. 386, 390, 216 A.2d 824. In the present case, at the conclusion of the evidence, the defendant moved for a directed verdict on the ground that there was no evidence from which the jury could have reasonably found that the defendant had either actual or constructive notice of any claimed defect. The defendant later moved to set aside the verdict and for judgment notwithstanding the verdict on that same basis.

There was no evidence that the defendant had actual notice of the hole prior to the decedent's fall. In order to charge the defendant with notice of the defect, it was incumbent upon the plaintiff to introduce evidence from which it would have been reasonable for the jury to find that the specific defect had existed for a sufficient length of time for the defendant, in the exercise of reasonable care, to have discovered it in time to have it remedied. See, e.g., *Morris* v. *King Cole Stores, Inc.,* supra.

The evidence in this case, considered in a light most favorable to the plaintiff, furnished no reasonable basis for the jury's conclusion, as indicated by their verdict, that the hole had existed for a sufficient length of time to charge the defendant with notice of it. The present case is distinguishable from those in which the condition of something is of such a permanent character that testimony concerning its condition after an event would in itself permit the reasonable inference that the condition was the same at the time of the event. See *Johnson* v. *Palomba Co.*, 114 Conn. 108, 114, 157 A. 902, and cases cited therein. Those cases generally involve testimony concerning the structural makeup or design characteristics of an object or structure. Id. The only evidence with respect to the alleged hole concerned its diameter and its distance from the decedent's door. For all that appears, the hole could have come into being only a moment prior to the time of the decedent's fall. Any determination that it had existed for a sufficient length of time for the defendant to have discovered it would have been purely speculative. See *Bernstein* v. *Grand Union Co.*, 148 Conn. 726, 728, 169 A.2d 267. The court should have set aside the verdict. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.*, 145 Conn. 390, 393, 143 A.2d 438.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant notwithstanding the verdict.