RONA LEVIN ET AL. *v.* ANN RITSON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 5—decision released November 13, 1979

*Morgan P. Ames,* with whom was *Lawrence A. Farese,* for the appellants (plaintiffs).

*Francis M. Bosze,* for the appellees (defendants).

LOISELLE, J.  The plaintiffs Rona and Stuart Levin brought this action against Ann and Ian Ritson seeking to recover for personal injuries and property damage sustained in an automobile collision.  The jury returned a verdict in favor of the defendants

and judgment was rendered on the verdict which the court refused to set aside. The plaintiffs have appealed.

The jury could have found that Ann Ritson was operating a motor vehicle owned by her husband, Ian Ritson, in a southerly direction on Black Rock Turnpike in Fairfield on February 26, 1972, at about 9:30 a.m. when the vehicle stalled. It kept coasting down the turnpike until it stopped, straddling a white line on the shoulder of the road and angled toward a fence. She remained there several minutes trying to start the vehicle, with her lights on, but it wouldn't start. As she was bending toward the glove compartment to look for the flasher light switch, a collision occurred between her stalled vehicle and the vehicle driven by the plaintiff Rona Levin. The plaintiff Rona Levin claimed and offered evidence that as she was proceeding southerly on Black Rock Turnpike, the defendant's vehicle suddenly lurched out onto the highway. She was unable to stop and struck the defendant's vehicle. On all of the evidence presented it cannot be said that it was unreasonable for the jury to conclude that the plaintiffs had failed to prove actionable negligence or that contributory negligence was proven by the defendants.

The plaintiffs do not question the jury's verdict on the evidence, but claim error in the court's charge to the jury wherein it instructed the jury "to disregard . . . in any way" the plea of plaintiffs' counsel in his summation for fair and reasonable damages which suggested several money figures for their verdict. The record and briefs do not indicate exactly what was stated by plaintiffs' counsel to the jury. In oral argument on appeal to this court it

was claimed that after some discussion of the items of damages, plaintiffs' counsel suggested that the verdict should be "$25,000, $30,000 or even $35,000," or words to that effect.

Ordinarily, the plaintiffs' claim that the court gave an erroneous instruction as to damages would not be considered, because the general verdict on the issue of liability was in the defendants' favor and, presumably, the jury never reached the issue of damages. *Himmelstein* v. *General Electric Co.,* 144 Conn. 433, 435, 133 A.2d 617 (1957); Maltbie, Conn. App. Proc. § 95. The plaintiffs contend, however, that "[t]he instruction to 'disregard' plaintiff's argument was essentially a directed verdict for the defendant, which was not justified by the plaintiff's proof on both the issues of liability and damages."

There is a division of authority on the issue of whether counsel may comment on the value of a case, that is, how much a client should receive, when addressing a jury in a personal injury or wrongful death action. Some jurisdictions regard any reference by plaintiff's counsel to the amount of damages claimed or expected by the client in a personal injury action as improper. See, e.g., *Gilborges* v. *Wallace,* 78 N.J. 342, 347, 396 A.2d 338 (1978), and *Tenore* v. *Nu Car Carriers, Inc.,* 67 N.J. 466, 483, 341 A.2d 613 (1975), citing *Botta* v. *Brunner,* 26 N.J. 82, 103, 138 A.2d 713 (1958); *Atene* v. *Lawrence,* 456 Pa. 541, 318 A.2d 695 (1974). Other jurisdictions either do not consider such a reference to be improper; see, e.g., *Caley* v. *Manicke,* 24 Ill. 2d 390, 394, 182 N.E.2d 206 (1962), citing *Graham* v. *Mattoon City Ry. Co.,* 234 Ill. 483, 490–91, 84 N.E. 1070 (1908); or have not adopted a rule and decide each case on whether there is a likelihood of prej-

udice under the individual circumstances. See, e.g., *Beagle* v. *Vasold*, 65 Cal. 2d 166, 417 P.2d 673 (1966); *Luz* v. *Stop & Shop, Inc.*, 348 Mass. 198, 207–208, 202 N.E.2d 771 (1964). See the extensive annotation beginning at 14 A.L.R.3d 541 for the various viewpoints.

In *Cascella* v. *Jay James Camera Shop, Inc.*, 147 Conn. 337, 342–43, 160 A.2d 899 (1960), the error claimed was that counsel in argument suggested a mathematical formula for the jury to use in fixing damages. Although this court refused to rule on the claim because no exception was taken, the court said: "The trial court is invested with a large discretion with regard to the arguments of counsel, and while its action is subject to review and control, we can interfere only in those cases where the discretion was clearly exceeded or abused to the manifest injury of some party." See also *State* v. *Rosa,* 170 Conn. 417, 428–29, 365 A.2d 1135 (1976); *Amato* v. *Sawicki,* 159 Conn. 490, 494–96, 271 A.2d 80 (1970); *Bryar* v. *Wilson,* 152 Conn. 162, 165, 204 A.2d 831 (1964).

As stated in *Cascella* and reiterated in subsequent cases it has been the rule in this state that the court has broad discretion with regard to the arguments of counsel to a jury. There is no apparent reason why the rule should be changed in this case. The trial court's discretion in matters relating to damages is guided by the principles enunciated in *Panaroni* v. *Johnson,* 158 Conn. 92, 110, 256 A.2d 246 (1969), where the court said that instructions regarding the elements to be considered in the proper measure of damages "(1) should be confined to matters of damages in issue by virtue of the pleadings and evidence in the case, (2) must be

sufficiently definite to authorize the assessment of damages to which the party is entitled, and (3) cannot be left entirely to the discretion of the jury without reasonable guidelines for them to find damages to which they think the plaintiff may be entitled." If the circumstances are such that mention of an estimated value of a case does not create prejudice in the minds of a jury, the trial court, in its discretion, may allow such argument so long as the jury are instructed that counsel's estimate is not evidence and that the jury's duty is to decide the issues solely on the evidence presented. On the other hand, if the circumstances are such that mention of an expected verdict is either unfounded or based on wholly speculative factors such as those found in many mathematical formulas, or if it is a deliberate attempt by counsel to create prejudice in the minds of the jury, it would not be error for the trial court to direct that such argument not be made or to remove it from the jury's consideration.

The court's charge on the issue of damages in this case was specific, complete and fair. The court instructed the jury that the plaintiff bore the burden of proof on damages and that she should be compensated for the actual injuries, the pain and suffering and any disability proximately caused by the accident. The court said: "It goes without saying that a plaintiff is entitled to, if you so find, to fair, reasonable and just compensation for her injuries and damages proximately caused by the wrongful conduct of the defendant." Then, after instructing the jury that the plaintiffs must establish their damages by a fair preponderance of the evidence, the court stated: "The plaintiff is entitled to recover for all damages resulting in the usual course of events, directly or indirectly from the

defendant's negligence." The court explained that compensatory damages would include pain and suffering, past, present and future resulting from the injuries, and that any permanent injury, as well as medical expenses, hospital expenses, the cost of x-rays and the cost of drugs, were to be included in the damages awarded. It instructed the jury on property damage, and again stated that the plaintiff was entitled to recover both for pain and suffering and for any general incapacity to carry on the affairs of her life that was proximately caused by the defendant's conduct. The court also charged on the issue of the permanency of the plaintiff's injuries, and what should be considered when computing damages for a plaintiff whose life expectancy was 41.6 years.

It was after the charge on damages was completed that the court stated the following which is attacked by the plaintiff: "I think that about concludes my charge. I do want to say this to you, ladies and gentlemen, that counsel in closing statements to you in the first of the two closing statements which he made to you, there was some discussion as to figures. I think he used the figures $25,000, $30,000 or $35,000. However, it is your recollection. It was in that area somewhere. I instruct you that that remark was not to be made and should not have been made to the jury. And you will disregard it in any way in employing or arriving at your verdict, if you should arrive at that portion of the case. You are to disregard it entirely."

A fair reading of the court's comment makes it clear that this instruction, including the last sentence, "You are to disregard it entirely," referred solely to counsel's remark suggesting a damage

award of "$25,000, $30,000 or $35,000" and could not reasonably have referred to any other argument, concerning liability or damages, by plaintiffs' counsel. The attacked portion of the charge is not an instruction which could have been interpreted by the jury only as a direction to bring in a verdict for the defendants. Cf. *LaChase* v. *Sanders,* 142 Conn. 122, 111 A.2d 690 (1955).

When considered as a whole, the charge presented the case fairly. The court's instructions on the elements of damages, including its isolated comment on the estimate of money damages by plaintiffs' counsel, were such that no adverse effect could result on the issue of liability or on the issue of damages. The trial court under all the circumstances did not abuse its discretion.

There is no error.

In this opinion the other judges concurred.