SYLVIA SCHWARZ ET AL. *v.* WATERBURY PUBLIC MARKET, INC.
(3708)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 7—decision released March 11, 1986

*William F. Gallagher,* with whom, on the brief, were *Elizabeth A. Gallagher, Herbert Watstein* and *Julius Watstein,* for the appellant (defendant).

*Robert J. Cooney,* for the appellees (plaintiffs).

DUPONT, C. J. The defendant appeals from a judgment rendered by the trial court upon the jury's verdicts for the plaintiffs.[1] The defendant claims that the trial court erred: (1) in denying the defendant's motion for directed verdicts, in refusing to set aside the verdicts and in denying the defendant's motion for judgment notwithstanding the verdicts, all on the grounds that the evidence on the issue of liability was insufficient as a matter of law; (2) in admitting into evidence a page from a log book kept by the defendant, where the page contained information concerning accidents unrelated to the one in question; (3) in refusing to admit into evidence an ambulance report which, the defendant claims, contained a statement by the plaintiff or her mother that the plaintiff had a history of the same injury; and (4) in permitting plaintiff's counsel to mention specific sums of money and the effects of inflation in his argument to the jury.

---

[1] The plaintiffs are the parents of a minor child whose fall on the defendant's premises is the subject of this appeal. The action was brought on behalf of the child by her mother, and the child's father sought to recover incurred expenses. "Plaintiff" as used in this decision refers to the minor child, unless otherwise noted.

The jury could have reasonably found certain facts based upon the evidence submitted to it. The plaintiff, a young woman of thirteen years of age, was grocery shopping with her sister at the defendant's supermarket. While walking down an aisle, the plaintiff slipped and fell on a spot of spilled milk. Several witnesses testified that they observed spots of spilled milk and that the milk was dirty in appearance. Evidence was presented that the spilled milk came from gallon milk containers which had a tendency to leak when they were placed on their sides. Employees of the defendant, including the store manager, were aware of this condition. As a result of her fall, the plaintiff suffered a broken left hip and was taken by ambulance to the hospital where she underwent surgery. The operation involved the placement of three pins in the plaintiff's left hip, which were subsequently removed. As a result of her injury, the plaintiff was left with two permanent scars in the area of her left hip and a 15 percent permanent partial disability of the left hip.

At the conclusion of the plaintiff's case, the defendant moved for directed verdicts, a prerequisite to a motion for judgment notwithstanding the verdict. Practice Book § 321. This motion was denied by the trial court. The jury returned a verdict of $100,000 for the plaintiff and $8,097.95 in medical damages for the plaintiff's father. The defendant moved for judgment notwithstanding the verdicts and moved to set aside the verdicts. The court denied these motions and rendered judgment for the plaintiffs.

The defendant's first claim is that the evidence of liability was legally insufficient. In determining whether the trial court erred in denying the defendant's motions to set aside the verdict on this ground, and to render judgment notwithstanding the verdicts, the evidence presented must be considered in the light most favorable to the plaintiffs. *Herb* v. *Kerr,* 190 Conn. 136, 140,

459 A.2d 521 (1983); *Magnon* v. *Glickman,* 185 Conn. 234, 237–38, 440 A.2d 909 (1981); see *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 326–27, 505 A.2d 25 (1986).

The defendant had a duty to use reasonable care to keep premises under its control in a reasonably safe condition. *Cruz* v. *Drezek,* 175 Conn. 230, 234, 397 A.2d 1335 (1978); *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492, 45 A.2d 710 (1946). If the defendant breached this duty and had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff was entitled to recover damages for her injuries. *Morris* v. *King Cole Stores, Inc.,* supra.

In resolving the defendant's claim, the sole issue is whether the jury could have reasonably found that the defendant breached its duty to use reasonable care to keep the premises under its control in a reasonably safe condition and had actual or constructive notice of a defective condition which caused the plaintiff's injury. The ultimate question here is whether the defendant had constructive notice of a defective condition. In deciding whether the defendant had such notice the subsidiary question is whether the condition had existed for such a length of time that the defendant's employees should, in the exercise of due care, have discovered the defect in time to have remedied it. *Morris* v. *King Cole Stores, Inc.,* supra, 492–93. What constitutes a reasonable length of time is a question of fact to be determined based upon the circumstances of each case. The nature of the business and the location of the defective condition are factors in this determination. Id., 494.

Several witnesses testified to the existence of spilled milk on the defendant's premises and the dirty appearance of the spots of milk. One testified that there was a trail of milk, covering six aisles in the defendant's supermarket, at the time of the plaintiff's fall, and

another that milk leaked frequently from milk containers housed in the defendant's store. From such evidence, the jury could reasonably have concluded that the condition had existed for a length of time, that a reasonable inspection by the defendant would have discovered the existence of the spilled milk on the defendant's premises and that, therefore, the defendant had constructive notice of the defective condition. *Cruz* v. *Drezek,* supra, 235; *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 154–55, 104 A.2d 221 (1954); *Morris* v. *King Cole Stores, Inc.,* supra, 493–94.

The defendant's second claim of error is that the trial court improperly admitted into evidence the entire page from a log book of the defendant which page contained allegedly irrelevant and prejudicial information regarding other accidents which had occurred on the defendant's premises. The defendant, in answer to the plaintiff's allegation that the defendant owned, controlled and maintained the premises in which the plaintiff fell, alleged that it did not have any knowledge or information sufficient to form a belief.[2] Such a pleading is, in effect, a denial of the plaintiff's allegation. *Second Exeter Corporation* v. *Epstein,* 5 Conn. App. 427, 429, 499 A.2d 429 (1985). The plaintiff, therefore, had to prove it. Evidence of other falls on the aisles of the store was relevant to prove the defendant's possession, control and maintenance of the premises. See *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 173 A. 237 (1934).

The document in question was a page from a log book kept by the defendant in the normal course of its business. The log book contained information regarding accidents which took place on the defendant's premises involving both customers and employees. Although the plaintiff had filed a request for disclosure of all

---

[2] Appellate counsel was not involved in the trial of this case.

reports regarding the accident, the existence of the log book and the entry regarding the plaintiff's accident was only revealed to the plaintiff at trial during the examination of the defendant's store manager, who had torn the page on which the plaintiff's accident was recorded from the log book and brought it to court with him. An examination of the page indicates that none of the other entries refer to falls as a result of slipping on spots of milk on the floor. The entry regarding the plaintiff's accident stated that she had slipped on milk which had leaked from another customer's milk carton. Since the defendant had denied that the plaintiff had slipped on milk, the entry was material and relevant. The rest of the page was relevant to possession and control of the premises by the defendant. A trial court has broad discretionary powers in its rulings on the relevancy of evidence. It did not abuse that discretion here. *Vazzano* v. *Slater,* 6 Conn. App. 1, 6, 502 A.2d 440 (1986).

The defendant's third claim of error is that the trial court erred in refusing to admit the ambulance attendant's report of the accident as a business record pursuant to General Statutes § 52-180.[3] Counsel for the

---

[3] General Statutes § 52-180 provides in part as follows: "ADMISSIBILITY OF BUSINESS ENTRIES AND PHOTOGRAPHIC COPIES. (a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence or event or within a reasonable time thereafter.

"'(b) The writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of the evidence, but not to affect its admissibility."

defendant attempted to introduce the report through the testimony of two witnesses, first, the president of the volunteer ambulance association and, second, the ambulance volunteer who responded to the accident and treated the plaintiff. The report contained a statement that the plaintiff had a history of the same injury. Neither witness was able to identify the source of this information, nor could either state that it was transmitted by the plaintiff or by one with a business duty to do so. The trial court allowed the report into evidence with the statement excised from the document.

It is well established that although an accident report is generally admissible as a business record under General Statutes § 52-180, it does not necessarily follow that everything in the document must be admitted into evidence. See *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.,* 190 Conn. 371, 384–85, 461 A.2d 422 (1983); *Hutchinson* v. *Plante,* 175 Conn. 1, 4–5, 392 A.2d 488 (1978); *Mucci* v. *LeMonte,* 157 Conn. 566, 569, 254 A.2d 879 (1969). "To be admissible under the business record exception of General Statutes § 52-180, 'the business record must be one based upon the entrant's own observations or upon information transmitted to him by an observer whose business duty it was to transmit it to him.' *D'Amato* v. *Johnston,* 140 Conn. 54, 59, 97 A.2d 893 (1953). Statements obtained from volunteers are not admissible though included in a business record because it is the duty to report in a business context which provides the reliability to justify this hearsay exception. Id. Information in a business record obtained from a person with no duty to report is admissible only if it falls within another hearsay exception. *State* v. *Palozie,* 165 Conn. 288, 295, 334 A.2d 468 (1973)." *State* v. *Sharpe,* 195 Conn. 651, 663–64, 491 A.2d 345 (1985).

In this case, there is no indication that the statement, that the plaintiff had a history of the same injury, was

obtained from a person who had a business duty to report it. The ambulance volunteer who made out the report testified that there was a great deal of confusion at the scene of the accident and that he could not recall from whom he obtained the information. Nor was the defendant able to show that the statement qualified under some other exception to the hearsay rule. Thus, the statement that the plaintiff had a history of the same injury was properly excluded.

The defendant attempts to rely on *Shuchman* v. *State Employees Retirement Commission*, 1 Conn. App. 454, 472 A.2d 1290 (1984), in arguing that the trial court erred in excluding this statement. In *Shuchman*, this court stated that "[t]he lack of personal knowledge of the entrant as to the particular source of the information affects the weight of the evidence, not its admissibility." Id., 459. The defendant argues that in light of this language, the trial court erred in not admitting the ambulance report in its entirety. A close reading of the decision in *Shuchman*, however, clearly reveals that under the circumstances of that case, the information which was transmitted to the entrant could only have come from a person with a business duty to transmit such information. The source of the information in the business record in *Shuchman* was limited to officials involved in the business, all of whom were under a duty to transmit such information. By way of contrast, the statement that the plaintiff had a history of the same injury could have been obtained from anyone at the scene of the accident. The statement, therefore, could have involved "mere volunteers with no business connection to the business" or "officious intermeddler[s]." Id., 458. By failing to establish that the statement was transmitted by a person with a business duty or that it qualified under some other exception to the hearsay rule, the defendant cannot prevail in his claim that the trial court erred in refusing to admit into evidence the ambulance report in its entirety.

The defendant's final claim is that the trial court erred in permitting the plaintiff's counsel to state specific monetary amounts in his closing argument to the jury and in permitting him to tell the jury that they could consider the effects of inflation in determining what amount of damages, if any, should be awarded. During the argument, counsel for the defendant objected several times on the ground that it was improper for the plaintiff's counsel to mention the specific sums of $100,000 and $150,000 as possible compensation for the plaintiff's injuries. Counsel for the defendant further objected to remarks by the plaintiff's counsel that the jury could consider "the value of a dollar today as compared to what it will be in the future." The trial court overruled these objections.

" 'The trial court is invested with a large discretion with regard to the arguments of counsel, and while its action is subject to review and control, we can interfere only in those cases where the discretion was clearly exceeded or abused to the manifest injury of some party.' *Levin* v. *Ritson,* 179 Conn. 223, 226, 425 A.2d 1279 (1979), quoting *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 342–43, 160 A.2d 899 (1960)." *Tomczuk* v. *Alvarez,* 184 Conn. 182, 193, 439 A.2d 935 (1981). It is within the discretion of a trial court to allow a mention of the estimated value of a case, as long as the jury is instructed that a party's estimate of such value is not evidence and that it is solely the jury's function to determine if any damages are due and if so, the amount of them. *Levin* v. *Ritson,* supra, 227. An examination of the court's charge to the jury clearly indicates that the jury was instructed to decide the issues, including the question of damages, solely on the basis of the evidence presented in the case.[4] The

---

[4] The relevant portion of the court's charge to the jury regarding damages is as follows: "Now, there were some arguments by counsel to you this morning concerning amounts, numbers. It is up to you to determine

trial court's charge to the jury on the issue of damages clearly stated that it was up to the jury to determine what dollar amount might be fair and reasonable damages, if that question were reached.

Finally, the defendant's claim is that the trial court erred by allowing the plaintiff's counsel to tell the jury that they could take inflation into account in determining their award. It is permissible for a jury to take inflation into consideration as a factor in reaching a decision on the issue of damages. See, e.g., *Kiniry v. Danbury Hospital*, 183 Conn. 448, 457–58, 439 A.2d 408 (1981); *Katsetos v. Nolan*, 170 Conn. 637, 657–58, 368 A.2d 172 (1976).

There is no error.

In this opinion the other judges concurred.

what the damages are, fair, just and reasonable, whatever you feel that figure might be. So, remember that. While counsel may have quoted some figures to you as to what you might bring in, putting that aside, it is up to you, as members of this jury, if you reach the question of damages, to bring in whatever figure you feel is fair, just and reasonable. No more and no less. The general rule is, that insofar as money can do it, the plaintiff is to get fair and just compensation for the injuries she has suffered. It is for you, in the exercise of your best judgment, to say what is fair and just compensation to her insofar as money will compensate for the injury which she has suffered. There is no fixed rule which you can apply. You have to apply sound common sense in reaching the amount of your verdict."