VICTORIA KAPILOTIS *v.* SHOP RITE SUPERMARKET, INC.
(5666)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 11—decision released April 4, 1988

*Jack G. Steigelfest,* with whom, on the brief, was *James T. Haviland II,* for the appellant (defendant).

*Eugene K. Swain,* with whom, on the brief, was *Kerin M. Woods,* for the appellee (plaintiff).

PER CURIAM. The defendant appeals from a judgment rendered by the trial court following a jury verdict for the plaintiff. The plaintiff brought this negligence action for injuries suffered when she slipped in the defendant's supermarket on an uneven section of an area rug that was raised due to the presence of a piece of candy lodged underneath the rug.

The defendant claims that the trial court erred in denying its motion for a directed verdict and in refusing to set aside the verdict on the ground that there was insufficient evidence of constructive notice to the defendant of the uneven condition of the rug. Whether the defendant had constructive notice of this condition turns on the question of whether the condition had existed for a length of time sufficient for the employees of the defendant, in the exercise of due care, to have discovered the defect in time to have remedied it. *McCrorey v. Heilpern,* 170 Conn. 220, 221, 365 A.2d 1057 (1976); *Schwarz v. Waterbury Public Market, Inc.,* 6 Conn. App. 429, 432, 505 A.2d 1272 (1986). There was testimony at trial that the type of candy lodged under the rug was displayed near the rug, that the area around the rug was swept several times daily, that on the day the accident occurred the rug itself had been turned over during such cleaning, and that the raised portion of the rug was visible to the plaintiff upon arising from her fall. Although there was not an abundance of evidence, there was sufficient evidence presented from which the jury could reasonably have concluded that the candy had been lodged under the rug for some time, and that such condition would have been discovered by a reasonable inspection by the defendant.

*Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 494, 45 A.2d 710 (1946); *Schwarz* v. *Waterbury Public Market, Inc.,* supra, 432–33.

The defendant also claims that the trial court erred in failing specifically to charge the jury that they should return a verdict for the defendant if they found no evidence that the defendant had notice of the condition of the rug and an opportunity to remedy that condition.[1] We disagree. The trial court clearly instructed the jury that, in order to reach a verdict for the plaintiff, it was necessary to find that the defendant had either actual or constructive notice of the unsafe condition of the rug. Although the trial court's instructions to the jury may not have been phrased precisely to the defendant's liking, there is no error when, as here, the charge states the law correctly. *Tripp* v. *Anderson,* 1 Conn. App. 433, 438, 472 A.2d 804 (1984).

There is no error.

[1] The plaintiff argues that we should not review this claim due to the defendant's failure to file a verbatim statement of all relevant portions of the jury charge and the relevant exceptions to the charge, as required by Practice Book § 4065 (d) (2). There is no merit to this argument as the defendant has filed an appendix to its brief that complies with § 4065 (d) (2). We will not review, however, an additional claim of error raised by the defendant regarding the jury instructions due to the defendant's failure to take exception to the jury charge as required by Practice Book § 315.