[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#150)
The plaintiff, Eva Petropoulos, filed a complaint on January 19, 1994, against the defendant, Meletios Gianopoulos, claiming that she was injured when she fell on the basement stairs of the restaurant where she worked. The restaurant leased its space from the defendant. On April 7, 1994, Gianopoulos brought a third-party action for indemnification against two of the restaurant's owners, Vasilios and Dimitrios Teionis. The Teionis' filed a two-count third revised counterclaim in June 29, 1995. Gianopoulos filed a motion to strike both counts of the counterclaim on December 11, 1995. The Teonis' did not file a memorandum in CT Page 2081 opposition but filed a fourth revised counterclaim on February 15, 1996. There is no motion to amend attached to the counterclaim as required by Practice Book § 176, and furthermore Gianopoulos filed a request to revise the fourth revised counterclaim on February 15, 1996, accordingly the court will consider the motion to strike (#150) as to the third revised counterclaim.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
Gianopoulos argues that the first count fails to state a cause of action for either breach of covenant of quiet enjoyment or implied warranty of habitability. While this may be true, the defendant has stated a claim in negligence in the maintenance of leased premises. "It is a familiar rule that the landlord is under a duty to use reasonable care to keep those parts of his building which are under his control in a reasonably safe condition." (Citations omitted.) McCrorey v. Heilpern, 170 Conn. 220,221, 365 A.2d 1057 (1976). "To prevail on a claim of negligence in the maintenance of leased premises, the plaintiff must establish both that the defendant had control of the premises in question at the time of his alleged negligence and that he had actual or constructive notice of the particular alleged defect in the premises which is claimed to have caused the plaintiff his injuries and losses." Capitol Idea v. Sciarra,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 512497 (October 24, 1994, Sheldon, J.), aff'd, 40 Conn. App. 927 (1996). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee and maintain." Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969); Sloan v. U.N.Tech. Corp. Pratt Whitney, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 532924 (July 25, 1995, Hennessey, J.). The plaintiff has alleged that the landlord had control over the outside of the building, that the accident CT Page 2082 occurred because of a leak coming from the outside of the building, and that he had ample notice of the leak. In Cruz v.Tosada, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.,14 Conn. L. Rptr. 272) the court held that in an action based on exposure to lead paint, the issue was whether the defendant had control over the painting of the premises. Similarly, the issue is whether the defendant had control over the cause of the leak, and whether the leak actually caused the injury, all of which are questions of fact not properly resolved in a motion to strike. Accordingly, the third-party plaintiff has stated a cause of action in negligence, and the motion is denied as to the first count.
Gianopoulos argues that the second count sounds in nuisance, but the Teionis' have failed to plead a cause of action in nuisance. "A tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance." Difrisco v.Shawmut Mortgage, Superior Court, Judicial District of Waterbury, Docket No. 115155 (November 30, 1993, Kulawiz, J.,10 Conn. L. Rptr. 486). The plaintiff must plead the following: "(1) the condition complained of had a natural tendency to create a danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful [and]; (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." Green v. Ensign-Bickford Co., 25 Conn. App. 479, 490,595 A.2d 1383 (1991), cert. denied, 220 Conn. 919, 597 A.2d 341
(1991). The plaintiff has not alleged that the condition had a natural tendency to create a danger and the danger was continuing. Accordingly, the motion to strike is granted as to the second count.
RICHARD J. TOBIN, JUDGE