[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 38, (d.o.b. October 7, 1958) and the defendant wife, Tracy, 32, (d.o.b. August 10, 1964) married on November 10, 1990 in Joelton, Tennessee. The plaintiff has a bachelor's degree and a master's degree. The defendant has an associate's degree. No child has been born to the defendant since the marriage. Both parties enjoy good health.
The plaintiff was gainfully employed until January, 1994 when his division was sold. He received $35,000 in severance. Shortly thereafter, he started his own business of providing computer temporary help as an outsource. The business is now successful as Woodridge Associates LLC, the plaintiff owning 99% of the partnership. In 1995 the plaintiff earned ordinary income of $85,440. (Plaintiff's Exhibit #2). In addition, the firm provides an auto costing it $383 monthly lease payments, health insurance costing it $110 and a car phone. After adjustments for passthroughs, self-employment tax and income tax, the plaintiff's net disposable income for 1995 was, rounded, $58,500. He currently lists gross monthly salary of $3,312 and net after taxes of $2,352. The court finds the 1995 figures more reflective of the plaintiff's earnings and earning capacity, which had been considerably higher in 1993.
The defendant is presently employed earning $468 weekly gross CT Page 9916 and net $362 after taxes. The court has concluded that a period of rehabilitative periodic alimony is appropriate, Ippolito v.Ippolito, 28 Conn. App. 745.
The defendant worked from March, 1991 for a year at MCI. She left to accompany the plaintiff on an extended Florida vacation that the plaintiff had won. The defendant returned to work in September, 1992 until April, 1993 when she sustained a skiing accident resulting in her being disabled for three months. She was able to return to work part time. Shortly thereafter, in the Fall of 1993, she suffered another accident resulting in a concussion. The plaintiff refused to assist the defendant when she had need for medical attention the next morning, prompting the defendant to move to another bedroom. The parties separated in November 1994 when the defendant asked the plaintiff to leave.
An earlier episode occurred in 1991 from which the marriage relationship never fully recovered. The plaintiff's niece died at the time the defendant had gone to visit her father who was ill. The plaintiff insisted the defendant return immediately for his niece's funeral. She refused. The plaintiff then took the position that the defendant's father was not ill. When She did return, he refused to speak to her for three weeks.
On another occasion, the plaintiff drove home at 1:30 a.m. from Cos Cob Marina leaving the defendant there, alone. Unable to summon a taxi, the local police eventually took her home.
The court concludes that the plaintiff has the greater earning capacity, more formal education, and greater employability, than does the defendant.
Having reviewed the evidence in light of the applicable case law and the statutory criteria of §§ 46b-81 and 46b-82, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown, all of the allegations of the complaint having been proven.
2. The plaintiff shall pay to the defendant the sum of $200 weekly periodic alimony for 52 weeks, $150 weekly for the ensuing 52 weeks and $100 weekly for a final 52 weeks. The payments shall sooner terminate upon the death of either party, the defendant's remarriage or further court order.[1] The term is non-modifiable CT Page 9917 despite any change in circumstances, Scoville v. Scoville,179 Conn. 227; Rau v. Rau, 37 Conn. App. 209.
3. Each party shall otherwise retain the assets each now currently possesses without claim by the other party.
4. Each party shall be solely responsible for the bills each has incurred without contribution from the other party.
5. The plaintiff shall pay the defendant an allowance to defend of $7,500 to enable the defendant to defray her litigation expenses. It shall be payable on or before December 31, 1996.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.