[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by Judy Stone (plaintiff) against Stop Shop Companies, Inc. (defendant) wherein the plaintiff is seeking money damages for certain personal injuries and losses she allegedly suffered in an incident which occurred at the defendant's store in Wallingford, Connecticut, on June 30, 1993.
The plaintiff arrived at the defendant's large supermarket CT Page 375-NN about 6:00 P.M. to shop for groceries. It was a dry, clear day. After she had made a few purchases she was walking up a large aisle pushing a shopping cart in front of her when she suddenly felt her right foot slip out from under her and she fell against her shopping cart but did not fall down. An employee of the defendant came running over and, after saying "Wow, this is a big spill", placed two connected 9 1/2 X 11 inch pieces of paper towel on the "spill". The plaintiff looked down and saw that she had slipped on a large puddle, which she believed to be water. The plaintiff's right foot was turned inward forcing her ankle bone downwards towards the floor, and she felt severe pain in her ankle. The puddle extended beyond the paper towels which the employee had placed on the floor. The floor was a smooth, very shiny, waxed tile floor. The liquid on the floor was colorless and there were no objects, such as cups or broken glass, in or near the spill. The manager of the store, who came to the scene shortly after the plaintiff slipped, testified that he had no independent recollection of the incident other than what was in his report. He did testify, based on what was in his report, that when he filled out the report he probably related the spill to the plaintiff's slipping, and that probably the liquid appeared to him to be water. The presence of the water on a smooth tile floor made the floor quite slippery.
The large puddle of water was located near several large bins CT Page 375-OO which were filled with crushed ice. The bins were used to display containers of freshly squeezed juice that were laying on the bed of crushed ice. The bins were filled with crushed ice each day around 6:00 or 7:00 A.M., and had a refrigeration unit so that the ice would not melt during the day. This was an extremely busy store, serving about 30,000 paying customers a week, although the total number of people coming to the store was far in excess of that number.
The court finds that the large puddle of water on the floor was a dangerous and defective condition and that the plaintiff was not guilty of any negligence which contributed to her injuries.
It is clear that the plaintiff was a business invitee while in the store and that the defendant was obliged to keep the premises in a reasonably safe condition so that people in the situation of the plaintiff would not be injured. These premises were not reasonably safe, and, if the defendant had actual or constructive notice of the existence of the defect in time to remedy it, the plaintiff is entitled to recover for the injuries and damages she suffered as a result of the defective condition.Morris v. King Cole Stores, Inc., 132 Conn. 489, 492; Kapilotisv. Shop Rite Supermarket, Inc., 14 Conn. App. 250. CT Page 375-PP
There is no evidence in this case which indicates any actual notice to the defendant or its employees of the existence of the defective condition. Therefore, the case comes down to a question of whether the defendant had constructive notice of the condition; that is, is there evidence from which the court could find the puddle of water was on the floor for such a length of time that one of the employees of the defendant, in the exercise of reasonable care, should have discovered it and remedied it. See Morris v. King Cole Stores, Inc., supra, 493.
The large puddle of water was located near the large display bins which were filled with crushed ice. There were no foreign objects, such as a cup or broken bottle in the area of the water. The puddle was of such a large size that it is not likely that it came from a cup of water dropped by a customer or from an inadvertent spill from some kind of container being carried by a customer. It was a clear, dry day. It is a reasonable inference, and the court so finds, that the large puddle of water came from ice which in some way was caused to fall from the bins on to the floor. Since the bins were refrigerated it is probable that when the substance landed on the floor it was in the form of crushed ice. It thereafter remained on the floor for a sufficient length of time so that the ice melted resulting in a large puddle of water. The time that it would take for the ice to melt is a CT Page 375-QQ sufficient length of time during which the condition reasonably should have been discovered by the defendant's employees and removed. The amount of traffic in the store required frequent inspections of the floor to ensure the safety of the customers. The court finds that the defendant did have constructive notice of the defective condition within a reasonable time to have remedied it, and therefore, the defendant is responsible for whatever injuries and losses the plaintiff suffered as a result of the defendant's negligence.
Following the accident the plaintiff went to her mother's home where she soaked and elevated her foot. The next day she was unable to put weight on her foot and she went to the Physician Walk-In Medical Center where she was x-rayed and diagnosed as having a strain of the right ankle and foot. Her ankle continued to bother her and she saw Dr. Robert Biondino, an orthopedic surgeon affiliated with the Meriden Orthopaedic Group. He diagnosed her condition as a grade one ankle sprain which could be treated with physical therapy. The plaintiff continued to have trouble with her ankle. In September 1993 further x-rays were taken which showed a condition of her ankle which required surgery. This surgery was performed at Veterans Memorial Hospital on September 13, 1993 by Dr. Biondino. The surgery required general anesthesia and took slightly over one hour. After a few days in the hospital the plaintiff was discharged with a hard CT Page 375-RR cast on her foot. After six weeks a soft cast replaced the hard cast and it remained for an additional six weeks. The doctor saw her several times thereafter, terminating treatment in July 1994. Dr. Biondino estimates and the court finds that the plaintiff has a 12 1/2% disability of the right ankle which is as a result of the accident at the store on June 30, 1993. She is 42 and has a life expectancy of 38.7 years. She has a scar about six inches long on her ankle.
The plaintiff has incurred expenses directly caused by her injury consisting of Physicians Walk-In Center $199.00; Meriden Orthopaedic Group $2575.00; medication $110.76; Anesthesia $845.00; Veterans Memorial Hospital $5593.53; and Branford Rehabilitation Center $1965.00. These bills total $11,288.29 and were all causally related to her accident. The plaintiff also sought the services of a chiropractor which the court finds was not related to her accident of June 30, 1993.
The court finds that fair, reasonable and just compensation for the injuries and losses sustained by the plaintiff as a result of the negligence of the defendant is $60,000.00. Judgment may enter in favor of the plaintiff as against the defendant on the first count for $60,000.00. Judgment may enter in favor of the defendant on the second count. CT Page 375-SS
Hadden, J.