[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, June Mauriello, ("Mauriello") seeks money damages CT Page 10224 for person injuries she sustained as the result of a slip and fall, July 8, 1995, on the premises of Stop Shop store in Hamden, Connecticut.
Mauriello alleges that at approximately 10:30 A.M. o'clock she was a business invitee at the Stop Shop Store (Stop Shop") as she walked down an isle pushing a shopping cart she suddenly fell sustaining personal injuries. Mauriello alleges she fell because of spilled juice on the floor. Mauriello asserts that the area in which she fell was for some time prior to her fall in a hazardous and dangerous condition. She further alleges that the injuries she sustained were caused by the negligence and carelessness of the defendant Stop Shop, its agents, servants and/or employees in one or more of the following ways:
 (a) They failed to use reasonable care to maintain and inspect the premises;
 (b) They failed to warn the plaintiff that said premises was unsafe, dangerous and hazardous;
 (c) They failed to make reasonable inspections of the condition;
 (d) They allowed the floor to remain in a dangerous and defective condition because of the spilled juice upon the floor which would cause a hazard to persons walking thereon; and
 (e) They failed and neglected said area until made safe by causing barricades or guards to be stationed there or erected around same.
Only if the defendants had notice, actual or constructive could the allegations be supported by the evidence in paragraphs (b), (d) and (e). Accordingly, this case must be proven on the issue of notice. The defendant argues that the plaintiff must prove that Stop and Shop through its agents and employees had actual or constructive notice of the specific defect, i.e. that the floor was in an unsafe condition.
In Gulycz v. Stop Shop Companies, Inc.,29 Conn. App. 5119 at Page 521 the court held:
 It is not disputed that the plaintiff was a business invitee, and that the defendant owed him a duty to keep its premises in a reasonably safe condition. Cruz v. Drezek, 175 Conn. 230, 234, 397 A.2d 1335 (1978). Also undisputed is CT Page 10225 that, if that duty was breached, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damages for his injuries. Morris v. King Cole Stores. Inc., 132 Conn. 489, 492, 45 A.2d 710 (1946). The plaintiff produced no evidence to establish that the defendant had actual notice of the alleged defect. Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. McCrorey v. Heilpern, 170 Conn. 220, 221, 365 A.2d 1057 (1976).
 While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition; see Kapilotis v. Shop Rite Supermarket. Inc., 14 Conn. App. 250, 251, 540 A.2d 376 (1988); some evidence is required, Schwartz v. Waterbury Public Market, Inc., 6 Conn. App. 429, 432-33, 505 A.2d 1272 (1986). Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case. Id.
The plaintiff in this case argues "In Paragraph Six of her Complaint, the plaintiff alleged that the injuries were caused by the negligence and carelessness of the defendant in that they failed to inspect the premises; in that they failed to warn the plaintiff of an unsafe area, and in that they failed to cause the area to be protected. The plaintiff claims that the defendant breached its duty of care when the employees of the defendant created the dangerous condition. It is well established that a plaintiff does not have to prove that a defendant had actual or constructive notice when the plaintiff claims that the defendant's employees created the condition. In the similar case of Tuite v. Stop and Shop, 45 Conn. App. 305 [1997], the Appellate Court held in a similar case that no notice was necessary to hold Stop Shop liable for water on the floor since Stop and Shop had failed to maintain the floor in a safe condition by allowing a dangerous condition to occur."
A reading of Tuite shows that there was proof that the petals and water on the floor were caused by the defendant's employees. The record reflects that there was a store employee watering plants a few feet from the place of the fall Tuite's claim was that Stop Shop did not take necessary measures to maintain the florist department and the jury was instructed that the water and CT Page 10226 petals were allowed to exist. In Tuite the finders of fact could have concluded that Stop Shop knowing of the unsafe condition failed to take reasonable measures to make the area safe and also allowing the condition to occur.
In this case although the allegations may resemble the facts of Tuite, it is distinguishable in that there was no evidence that the condition/defect was caused by the defendant. Stop 
Shop submitted the transcript wherein the plaintiff testified that she could not tell that a Stop Shop employee had done anything wrong that might have caused her to fall (See T 38).
Mauriello testified that she did not see what she fell on until after her fall. She then noticed some spilled orange juice which she described as sticky and wet. She testified it was on the floor and smelled like orange juice. The juice was about 18 inches in circumference on the floor. At the time that Mauriello was shopping the store was not crowded with other shoppers. Mauriello testified the juice stuck to her pants which she was wearing at the time.
The plaintiff in this case must show not merely that she fell but what she fell on existed for a long period of time and that the condition existed for a sufficient length of time for the defendants' employees in the exercise of due care to discover the defect to remedy it.
The only evidence presented in this case was that the orange juice was sticky. The court would be compelled to speculate which it cannot do.
 Although circumstantial evidence can establish constructive notice; Sokolowski v. Medi Mart Inc., 24 Conn. App. 276, 287, 587 A.2d 1056 (1991); no such circumstantial evidence exists here. The plaintiff offered; no evidence, direct or circumstantial, to show that the defect had existed for any period of time so as to enable the court to exercise its function as fact finder. Nor was the court able to infer that the defect had existed for any length of time, since there was no evidence to establish a basis for such an inference. "An inference must have some definite basis in the facts"; Boehm v. Kish, 201 Conn. 385, 385, 517 A.2d 624
(1986); and the conclusion based on it must not be the result of speculation and conjecture. Palmieri v. Macero, 146 Conn. 705, 708, 155 a.2d 750 (1959). Gulyez v. Stop Shop Cos., supra, p. 522.
Further the court cannot draw an inference as to time based CT Page 10227 upon the testimony that the orange juice spill was sticky and wet. The testimony of the gap between inspections at the premises is likewise not persuasive that Stop and Shop had constructive notice of the alleged defect. Like Marion Shackett v. Stop ShopSupermarket Company, (DN 324949 J.D. of Fairfield, Levin, J.) since there was no evidence direct or circumstantial to show that the [claimed] defect had existed for any period of time so as to enable the court to exercise its function as fact finder. Nor [is] the court able to infer that the defect existed for any length of time for the agents, servants and employees to take notice of the defect so as to keep the premises safe, This court concludes that the plaintiff in this case has not established a requisite to recover.
Relying on Tuite v. Stop Shop, supra, does not relieve the plaintiff to establish notice as above.
Accordingly judgment may enter in favor of the defendant.
Frank S. Meadow, Judge Trial Referee.