[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
From the testimony offered at trial, the following facts are found to be proved.
On August 6, 1996, at approximately 9:15 a.m., the plaintiffs, Walter and Jean Urda, entered the Stop Shop store located on River Road in Wilton, Connecticut. They walked around the store picking up assorted groceries and paid for them at the checkout. After paying for the groceries, they proceeded to the exit which consisted of two automatic doors. Mr. Urda was ahead of his wife as they exited and was through the second door when she slipped and fell. The force of the fall was such that she was thrown against the interior brick wall and landed perpendicular to the two doors. Mrs. Urda claimed that she fell because of accumulations of plant leaves, water and debris CT Page 2427 which had been permitted to accumulate in the exit area. According to the testimony of Mrs. Urda, after the fall she was "sitting in water," and she "saw leaves on the floor." She saw the leaves "going out to the entrance, going towards the second door." She believed that she slipped on ficus leaves. She believed that the plants may have been watered and brought out, which they normally do.
John Ryder, assistant manager at the Wilton Stop Shop, stated that the policy of the Stop Shop is to water the plants in the outside staging area which is directly in front of the entrance/exit doors. There was no cashier located outside to pay for the plants located there. Any person wishing to purchase plants from that area had to bring the plants inside, pay for them and then carrying them back out through the same doors.
Jean Urda and Irene Prosk in the past had purchased plants from this particular Stop Shop and had noted that often the plants had water and debris falling off them as they exited.
Mrs. Urda sustained a multiple fracture of her right humerus which required open reduction, an illiacrest graft, and the insertion of a titanium plate because the fracture did not heal initially. Mrs. Urda required round the clock care for an extended time period after the accident and still requires care on a minimal level. She has a permanent plate in her shoulder and has a 25% permanent disability to her upper extremity and a 10% permanent disability to her lower extremity.
The court finds that the testimony offered by the plaintiffs was of great weight and credibility.
 CONTROLLING LAW
It is not disputed that the plaintiff Jean was a business invitee, and that the defendant owed her a duty to keep its premises in a reasonable safe condition. Cruz v. Drezek,175 Conn. 230, 234, 397 A.2d 1335 (1978). Also undisputed is that, if that duty was breached, and if the defendant had actual or constructive notice of the alleged defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damage for her injuries. Morris v. King Cole Stores, Inc.132 Conn. 489, 492, 45 A.2d 710 (1946). Gulycz v. Stop Shop Cos.,29 Conn. App. 519, 521, 615 A.2d 1087 (1992). However, the plaintiff has not proven these elements. CT Page 2428
The court was not persuaded by the necessary quantum of proof that the alleged defect existed for a reasonable period of time. There was no evidence that if any defect existed that defect was caused by the defendant." The general burden of proof in civil actions is on the plaintiff, who must prove all the essential allegations of the complaint;" Gulycz v. Stop Shop Cos., supra,29 Conn. App. 522; by a fair preponderance of the evidence. The plaintiff did not successfully sustain this burden.
Even if the court were to find that the alleged defect was caused by the defendant, the plaintiff still has not proven the necessary element that the defendant had prior notice of the defect. The plaintiff produced no evidence to establish that the defendant had actual notice of the alleged defect. Whether the defendant had constructive notice of the alleged defect turns on whether the defect existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. McCrorey v.Heilpern, 170 Conn. 220, 221, 365 A.2d 1057 (1976).
While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of a defect; seeKapnotis v. Shop Rite Supermarkets, Inc., 14 Conn. App. 250, 251,540 A.2d 376 (1988); some evidence is required. Schwartz v.Waterbury Public Market, Inc., 6 Conn. App. 429, 432-33,505 A.2d 1272 (1986). Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case. Id. Gulycz v. Stop Shop Cos., supra, 29 Conn. App. 523.
Although circumstantial evidence can establish constructive notice; Sokolowski v. Medi Mart, Inc., 24 Conn. App. 276, 287,587 A.2d 1056 (1991); no such circumstantial evidence existed here. The plaintiff offered no evidence, direct or circumstantial, to show that the defect had existed for any period of time so as to enable the court to exercise its function as factfinder. Nor was the court able to infer that the defect had existed for any length of time, since there was no evidence to establish a basis for such an inference. An inference must have some definite basis in the facts; Boehm v. Kish,201 Conn. 385, 389, 517 A.2d 624 (1986); and the conclusion based on it must not be the result of speculation and conjecture. Palmieri v.Macaro, 146 Conn. 705, 708, 155 A.2d 750 (1959). Gulycz v. Stop Shop Cos., supra, 29 Conn. App. 522. CT Page 2429
Relying on Fuller v. First National Supermarkets, Inc.,36 Conn. App. 299, 661 A.2d 110 (1995), the plaintiff seeks to escape the requirements of proving actual or constructive notice. In Fuller, the court stated: "If the plaintiff . . . alleges an affirmative act of negligence, i.e., that the defendant's conduct created the unsafe condition, proof of notice is not necessary.Holody v. First National Supermarkets, Inc., 18 Conn. App. 553,556, 559 A.2d 723 (1989)." Id., 301.
The plaintiff's attempt also to rely on Tuite v. The Stop Shop Cos., 45 Conn. App. 305 (1997). In Tuite, the Appellate Court noted that there was "ample evidence" that the condition on the floor was created by the defendant's employees and that an employee was watering plants in the immediate vicinity of where the plaintiff fell. In this case there was no evidence that the alleged defect was created by a store employee. While there was evidence that plants were for sale outside the store near the entrance/exit area where the plaintiff fell, there was no evidence offered that the plants were placed in the area of the fall over the nighttime period, or during the day before the store was opened.
Judgment may enter for the defendant.
RYAN, J.