[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Nature of the Proceedings:
Plaintiff, Ann Pitruzzello, brings this action in a one count complaint wherein she alleges that as the result of the negligence of the defendant Stop Shop Supermarket Company, (hereinafter "Stop Shop") she slipped and fell in its store on 416 East Main Street, Middletown Connecticut. As a result of the fall, the plaintiff claims that she suffered injuries to her knees, back, hip and neck. The plaintiff further asserts that some of the aforementioned injuries are permanent in nature.
 Facts:
This Court makes the following factual findings by a preponderance of the evidence:
Prior to January 4, 1999, the plaintiff was a pain free individual who lived a particularly active life style. She regularly engaged in activities including, but not limited to dancing, walking, biking, socializing and taking care of her grandchildren.
On January 4, 1999, at approximately 10:30 a.m., while walking in the defendant's store, the plaintiff slipped on a banana like substance and fell in the main walkway that runs the width of the store. The point of the fall was in front of aisle 10, at approximately six (6) to eight (8) feet from a cashier's station. At the time of the fall the plaintiff was wearing rubber soled, flat shoes.
The plaintiff did not notice the substance on the floor before she stepped on it. No employee, customer or other individual had reported to the defendant that there were any spills or problems with foreign substances on the floor at the place where the plaintiff fell, prior to her fall. CT Page 11583
While on the floor the plaintiff saw the banana like substance, but could not testify as how long the substance may have been on the floor. She was not able to testify as to whether it was clean or dirty, smooth or gritty, about its color, texture, smell or any other indicia of how long the substance might have been there.
While the plaintiff was still on the floor, Mr. Sousa, the manager of the store arrived at the plaintiff's location and that he noticed that there was a banana like substance on the floor. Additionally an unidentified cashier told Mr. Sousa, in the plaintiff's presence, that there was still some banana still on the plaintiff's shoe. Mr. Sousa then instructed the employee to clean up the banana off the floor and off of the plaintiff's shoe.
 Discussion:
Based on the testimony and documentary evidence presented at trial, the Court finds that the plaintiff was a business invitee when she went onto the defendant's premises at the aforementioned date and time.
 "Invitees fall into certain general categories. A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. . . . A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing with the possessor of land. . . . General Statutes § 52-557a, which provides that [t]he standard of care owed to a social invitee shall be the same as the standard of care owed to a business invitee, in effect recognizes a third kind of invitee, namely, the social invitee. The distinction between one who is an invitee and one who is merely a licensee turns largely on whether the visitor has received an invitation, as opposed to permission, from the possessor of land, to enter the land or remain on the land. Although an invitation itself does not establish the status of an invitee, it is essential to it. Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee." (Citations omitted; internal quotation marks omitted). Corcoran v. Jacovino, 161 Conn. 462, 465-66, 290 A.2d 225 (1971).
 Kurti v. Becker, 54 Conn. App. 335, 338 (1999).
CT Page 11584
 "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." (Citation omitted.) Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). "An occupier of land is chargeable with constructive notice of defects when dealing with invitees. . . . The determinative question is whether the defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have discovered it and remedied it." (Citation omitted; internal quotation marks omitted.) Kurti v. Becker, 54 Conn. App. 335, 338-39, 733 A.2d 916, cert. denied, 251 Conn. 909, 739 A.2d 1248 (1999).
 McDermott v. Calvary Baptist Church, 68 Conn. App. 284, 294 (2002).
The plaintiff did not present any evidence to establish that an employee of the defendant created the conditions that caused the plaintiff to fall. Nor did the plaintiff present any evidence to establish that the defendant had actual notice of said conditions. Instead the plaintiff in this matter asserts that the defendant had constructive notice of the conditions complained of.
 For the plaintiff to recover for the breach of a duty owed to her as a business invitee, she had to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall. LaFaive v. DiLoreto, 2 Conn. App. 58, 60, 476 A.2d 626
(1984); see Monahan v. Montgomery, 153 Conn. 386, 390, 216 A.2d 824 (1966). "Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." LaFaive v. DiLoreto, supra, 60. If the plaintiff, however, alleges an affirmative act of negligence, i.e., that the defendant's conduct created the unsafe condition, proof of notice is not necessary. Holody v. First National Supermarkets, Inc., 18 Conn. App. 553, 556, 559 A.2d 723 (1989).
 Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299,301 (1995). CT Page 11585
Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. McCrorey v. Heilpern, 170 Conn. 220,221, 365 A.2d 1057 (1976).
Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521 (1992).
There was evidence presented through the plaintiff's testimony on direct examination, that an employee of the defendant had informed Mr. Sousa, the store manager, in the plaintiff's presence that "awhile ago" a woman was pushing a child that was eating a banana in the area where the plaintiff fell. The plaintiff asserts that this was enough to put the defendant on notice. However, there are at least two problems with the assertion: 1) The employee only indicates that there was a child eating a banana in the area; and 2) There was no evidence presented that the child had dropped a piece of banana, or that the banana or child were in anyway connected with the conditions that caused the plaintiff's fall. In order to reach such a conclusion, the court would not be making a permissible inference from the evidence presented but resorting to improper speculation.
In addition to the foregoing, the plaintiff did not provide any evidence to make a determination as to what the defendant's employee meant when she said "awhile ago". Since the statement was not placed into any context, "awhile ago" could mean seconds, minutes, hours or even days.
 While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition; see Kapilotis v. Shop Rite Supermarket, Inc., 14 Conn. App. 250, 251, 540 A.2d 376 (1988); some evidence is required. Schwarz v. Waterbury Public Market, Inc., 6 Conn. App. 429, 432-33, 505 A.2d 1272 (1986).
 Gulycz v. Stop Shop Cos., Supra at 521.
The plaintiff produced evidence that Stop Shop had an internal policy wherein it recommends that its stores sweep the floors beginning at 9:00 a.m. and then every hour after that time. No evidence was introduced as to whether the recommendation was based on safety concerns or for the sake of aesthetics. Additionally no evidence was introduced to show that substance that was on the floor was there at 9:00 a.m. on January 4, 1999 and that it would have been removed had the defendant followed the CT Page 11586 recommendations in the policy. For the Court to come to this conclusion it would have to rely on mere speculation.
The defendant store had suggested sweep times that provided that the store should be swept at 9:00 a.m. and then every hour thereafter. The evidence presented at trial shows that. the store in question did not follow the recommendations and the only regularly scheduled sweep that occurred after the overnight cleaning crew had left the premises was a sweep that finished at 11:30 a.m.[1] Although the defendant did not sweep on an hourly basis starting at 9:00 a.m., the usual course of business practice was for a porter to rove the store with a cleaning cart and to conduct clean ups as needed. There is no evidence that such a clean up need was reported to the porter or any of the defendant's employees before the plaintiff's fall.
The Court notes that although a banana like substance was the cause of the fall in this matter, said fall did not occur in the produce section where it is anticipated that more items will end up on the floor.
 Conclusion:
In order for the plaintiff to recover from the defendant for a breach of duty in this matter, she must prove that the defendant knew or should have known of the unsafe condition. The Court finds by a preponderance of the evidence that no employee of the defendant created the conditions that caused the plaintiff to fall. The Court further finds that the plaintiff failed to prove by a preponderance of the evidence that the defendant had actual or constructive notice of the unsafe condition.
For the foregoing reasons judgment may enter for the defendant Stop Shop Supermarket Company against the plaintiff Ann Pitruzzello so ordered.
 ____________________________ Richard Allan Robinson, J September 12, 2002