[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this case, the plaintiff obtained a verdict against the defendant, First National Supermarkets ("Finast") in the amount of $80,990.48. The defendant now moves to set the verdict aside, principally, on the ground that there was no evidence that the defendant had notice of the defective condition alleged, the presence of small price stickers on the floor.
Simply stated, it is the defendant's contention that the plaintiff had the obligation of proving actual or constructive notice of the presence of the specific unsafe condition which CT Page 9852 caused the plaintiff's fall.
This is not a case in which it is claimed that a defective condition existed on the defendant's floor, not of the defendant's making. Rather, the claim is that the defendant and/or its employees created the condition and should have been aware of it. Based on the testimony of Kevin Golden, the store manager, the jury could have believed that it was more likely than not that the price stickers on the floor came from the guns and tapes used by the employees to put prices on the goods.
Under such circumstances, namely, the creation of a dangerous condition, the Appellate Court in Holody v. First National Supermarkets, Inc., 18 Conn. App. 553, 556, stated that the "case does not depend on whether there were facts before the jury from which it could have inferred that the defendant had constructive notice of a defect." Based on the Holody case (supra), the issue in this case is "whether the plaintiff produced evidence from which the jury could infer and reasonably believe, in the exercise of common sense, that it was more probable than not that the defendant, without any intervening action by others," was responsible for placing the price stickers on the floor thus creating a dangerous condition, and that such condition was the proximate cause of the plaintiff's injuries. Based on the evidence the jury could have so found.
The motion to set aside the verdict and for judgment notwithstanding is denied.
BELINKIE, J. JUDGE REFEREE