## ELEANOR FULLER *v.* FIRST NATIONAL SUPERMARKETS, INC.
### (13485)

DUPONT, C. J., and LANDAU and HENNESSY, Js.

Argued February 9—decision released June 27, 1995

*Daniel E. Ryan III,* for the appellant (defendant).

*Kevin R. Murphy,* with whom, on the brief, was *Alan J. Chandler* for the appellee (plaintiff).

LANDAU, J. In this negligence action, the defendant appeals from the judgment of the trial court rendered on a jury verdict in favor of the plaintiff. The defendant claims (1) that the trial court improperly instructed

the jury on the issue of notice of the existence of a defective condition and (2) that there was insufficient evidence to support the verdict.

The jury could have reasonably found the following facts. On January 14, 1990, while shopping for groceries at the defendant's supermarket, the plaintiff slipped on something sticky and fell, sustaining personal injuries. While on the floor, she observed a number of pricing stickers scattered around her and found one sticker on the heel of her shoe. The plaintiff instituted this negligence action against the defendant, claiming that the accumulation of pricing stickers had caused her fall and injuries.

I

The defendant first claims that the trial court improperly instructed the jury on the issue of notice of the existence of a defective condition. It asserts that the allegations set forth in the plaintiff's complaint support a claim that the defendant was negligent only in not discovering and remedying a defective condition on its floor. To prevail on such a claim, the plaintiff was required to prove that the defendant had either actual or constructive notice of the defective condition. Consequently, the defendant argues, the trial court's charge was improper for two reasons. First, the court failed to instruct the jury that the plaintiff had the burden of proving actual or constructive notice of the specific condition causing the injury. Also, the court improperly submitted to the jury the issue of whether the defendant created the defective condition, which theory of liability does not require the plaintiff to prove notice.

It is the plaintiff's position that her entire case was tried on the premise, as alleged broadly in her com-

plaint,[1] that the defendant created the condition that resulted in her injuries and therefore had actual notice of the existence of the condition. Consequently, the plaintiff asserts, she did not need to prove notice and the trial court correctly instructed the jury.

For the plaintiff to recover for the breach of a duty owed to her as a business invitee, she had to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall. *LaFaive v. DiLoreto*, 2 Conn. App. 58, 60, 476 A.2d 626 (1984); see *Monahan v. Montgomery*, 153 Conn. 386, 390, 216 A.2d 824 (1966). "Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." *LaFaive v. DiLoreto*, supra, 60. If the plaintiff, however, alleges an affirmative act of negligence, i.e., that the defendant's conduct created the unsafe condition, proof of notice is not necessary. *Holody v. First National Supermarkets, Inc.*, 18 Conn. App. 553, 556, 559 A.2d 723 (1989).

The defendant's claim hinges on the premise that the allegations in the plaintiff's complaint support a claim

---

[1] Paragraph nine of the plaintiff's complaint states: "The plaintiff's injuries and damages were caused by the carelessness and negligence of the defendant, its agents, servants and/or employees in one or more of the following ways in that they:

"a. failed to maintain a safe and hazard-free floor for the use of patrons;

"b. failed to properly remove price stickers from said floor, thus creating a hazardous situation;

"c. permitted price stickers to accumulate on the floor;

"d. failed to warn patrons, including the plaintiff, of the aforedescribed hazardous conditions;

"e. failed to close off the aforedescribed hazardous area from use by the public, including the plaintiff;

"g. permitted patrons to enter upon said floor which they knew or should have known was unsafe;

"h. failed to properly inspect the aforedescribed floor."

that the defendant was negligent for not discovering and remedying the accumulation of pricing stickers on its floor, rather than for creating the defective condition. In fact, the defendant concedes in its appellate brief that if the issue at trial was whether the defendant caused the defective condition, "the plaintiff would not have needed to prove notice."

" 'It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [her] complaint.' (Internal quotation marks omitted.) *Lundberg* v. *Kovacs*, 172 Conn. 229, 232, 374 A.2d 201 (1977). However, '[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically.' (Internal quotation marks omitted.) *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988); *Fuessenich* v. *DiNardo*, 195 Conn. 144, 150–51, 487 A.2d 514 (1985). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. *Tedesco* v. *Stamford*, 215 Conn. 450, 459, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992); *Giulletti* v. *Connecticut Ins. Placement Facility*, 205 Conn. 424, 434, 534 A.2d 213 (1987); see also *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 359–60, 525 A.2d 57 (1987); see also Practice Book §§ 108 and 109.[2]

---

[2] Practice Book § 108 provides in pertinent part: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved . . . . If any such pleading does not fully disclose the ground of claim . . . the court may order a fuller and more particular statement; and, if in the opinion of the court the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the court."

Practice Book § 109 provides in pertinent part: "Acts . . . may be stated according to their legal effect, but in so doing the pleading should be

"Furthermore, 'a judgment ordinarily cures pleading defects . . . .' *Tedesco* v. *Stamford*, supra, 215 Conn. 458. 'The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike, however, is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. [I]f parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect.' (Citation omitted; internal quotation marks omitted.) Id., 457." *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 496–97, 646 A.2d 1289 (1994).

We are satisfied that the complaint, read broadly and realistically, provided the defendant with sufficient notice that the plaintiff was claiming that the defendant caused pricing stickers to accumulate on the floor of the supermarket. Moreover, the evidence presented at trial by the plaintiff supported such a claim. For example, the defendant's store manager testified that store employees regularly apply pricing stickers to merchandise and that customers do not have access to pricing stickers. He also testified that it was a safe assumption that, if there were pricing stickers on the floor, they would have come from the pricing guns used by store employees. Also, no evidence was presented that some third party caused the stickers to be on the floor. For these reasons, we conclude that the plaintiff's case was pleaded and tried on the premise that the defendant created the condition that resulted in her injuries.

such as fairly to apprise the adverse party of the state of facts which it is intended to prove. . . ."

"In reviewing a challenge to jury instructions, we must examine the charge in its entirety." *Felsted* v. *Kimberly Auto Services, Inc.*, 25 Conn. App. 665, 668, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991). "While the instructions need not be exhaustive, perfect or technically accurate, they must be correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) Id., quoting *Preston* v. *Keith*, 217 Conn. 12, 17, 584 A.2d 439 (1991).

Our review of the charge as a whole in this case reveals that the court's instructions were clear, accurate, comprehensive and furnished sufficient guidance to the jury. "It was unnecessary for the court to charge as to the necessity of notice to the defendant of the dangerous condition of the premises since upon the evidence that condition was created by its own agent." *Crowell* v. *Middletown Saving Bank*, 122 Conn. 362, 367, 189 A. 172 (1937). Consequently, we conclude that the defendant cannot prevail on this claim.

II

The defendant also claims that, even if the issue in this case was whether the defendant negligently created the unsafe condition, there was insufficient evidence to support the verdict. The trial court denied the defendant's motion to set aside the verdict in which the defendant claimed, inter alia, that there was insufficient evidence for the jury to conclude that the pricing stickers were dropped on the floor by the defendant's employees.

"In examining the decision of the trial court on the defendant's motion, the evidence is to be considered in the light most favorable to the plaintiff. . . . The trial court's refusal to set aside a verdict is entitled to great weight and its decision will not be disturbed on appeal unless the court clearly abused its discretion.

. . . The test employed in analyzing a sufficiency of the evidence claim is whether or not, on the basis of the evidence introduced, a reasonable jury, properly motivated, could bring in a verdict against the defendants. . . ." (Citations omitted; internal quotation marks omitted.) *Ryan* v. *Mill River Country Club, Inc.*, 8 Conn. App. 1, 4, 510 A.2d 462 (1986).

As in *Holody* v. *First National Supermarkets, Inc.*, supra, 18 Conn. App. 553, the central issue in this case was "whether the plaintiff produced evidence from which the jury could infer and reasonably believe, in the exercise of common sense, that it was more probable than not that the defendant, without any intervening action by any third party"; id.; dropped the pricing stickers on the floor and thereby caused the plaintiff to fall. As noted, the manager of the defendant's store testified that only store employees have access to the pricing stickers and that it is reasonable to conclude that any pricing stickers on the store floor would have come from employees' pricing guns. The plaintiff testified that "something sticky" caught her shoe and caused her to fall. When she fell, the store manager and a cashier came to her assistance. In response to the manager's question as to what had caused the plaintiff's fall, the cashier responded that all that she could see on the floor were pricing stickers. The plaintiff also testified that, at that time, she noticed a pricing sticker on the heel of her shoe. After reviewing the record before us and considering the evidence in the light most favorable to sustaining the verdict, we conclude that the jury reasonably could have found as it did.

The judgment is affirmed.

In this opinion the other judges concurred.