[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT ANDMOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries sustained as a result of a fall in a shopping mall owned by the defendant. The case was tried to a jury and, at the conclusion of the plaintiff's case, the defendant moved for a directed verdict upon which the court reserved decision. The case was submitted to the jury which returned a verdict in favor of the plaintiff and the defendant has filed a Motion to Set Aside the Verdict and a Motion for Judgment Not Withstanding the Verdict. The sole ground asserted in the Motion for a Directed Verdict as well as the two pending motions is based upon a claim that the evidence was insufficient the permit the jury to find that the defendant had constructive notice of the defective condition causing the plaintiff's fall.
The evidence, viewed most favorably to the plaintiff, would entitle the jury to find the following: The plaintiff left her place of employment in the late afternoon of January 28, 1994 and took a bus to the defendant's mall in downtown Bridgeport for the purpose of paying a utility bill. When she left her place of employment it was snowing and there was snow on the ground. When she arrived at the defendant's mall she can not recall whether the sidewalk was sanded but it was still snowing and there was snow on the sidewalk. At that time, the mall was in the process of closing completely and many of the stores in the mall had been closed and Sears store was all boarded up. When she entered the second set of doors leading into the mall there was a rug on the floor and she could see water on the floor. The area was dirty, gritty, had not been swept and looked like no one cared. There was no barriers or warning signs in the area. The plaintiff went into the mall, and paid her electrical bill and returned ten to fifteen minutes later. As she was leaving the mall she was CT Page 3588 looking forward and downward. She slipped on the water and tripped over the rug thereby sustaining personal injuries. The plaintiff described the condition at the time of the fall as being substantially in the same conditions as when she entered the mall.
The plaintiff was a business invitee and the defendant therefore owed her a duty to use reasonable care to keep the premises in a reasonably safe condition. There can be no breach of duty by the defendant unless it either knew of the condition or was chargeable with notice of it because, had it exercised a reasonable inspection, it would have discovered the condition in time to remedy it. Gore v. People's Savings Bank, 235 Conn. 360,373 (1995).
In the present case there is no evidence of actual notice of a defective condition and therefore whether the defendant had constructive notice of the condition depends upon whether the condition existed for a length of time sufficient for the defendant, in the exercise of due care, to discover the defect in time to remedy it. "While an abundance of evidences not necessary to show a sufficient length of time existed for discovery of the condition . . . some evidence is required. Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined on the basis of the circumstances of the case." Gulycz v. Stop and Shop Companies,Inc., 29 Conn. App. 519, 521 (1992).
It is true that an owner's liability may not be based solely upon the presents of water on the property. See annotationOwner's Liability to Invitee for Fall, 20 A.L.R. 4th 438, 448 (1983). It is also true that constructive notice must be notice of the very defect which caused the injury and not merely notice of conditions naturally productive of the defect even though subsequently in fact producing it. Fuller v. First NationalSupermarket, Inc. 38 Conn. App. 299, 301 (1995).
Admittedly, there is not an "abundance" of evidence to charge the defendant with constructive notice of the very defect which the jury found caused the plaintiff's injuries. It is also true that the jury could well have decided that the plaintiff failed to sustain her burden of proof on the issue of constructive notice. However the jury did not do so. The jury was entitled to view the case in terms of the duty to exercise reasonable care and to consider that the greater the danger the greater the care CT Page 3589 that must be exercised. The plaintiff's description of the condition when she entered the building, the length of time it took her to pay the bill and return to the area; and description of the condition after the fall does provide a sufficient basis for the jury to have found, as they were entitled to do, that the defendant had constructive notice of the condition and therefore breached it's duty of care owed to the plaintiff.
Accordingly the Motion to Set Aside the Verdict and the Motion for Judgment not Withstanding the Verdict are hereby denied.
RUSH, JUDGE