[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Debbie Joyner-Mosby, has filed an action against the defendant, Stamford Strawberry Hill Association, sounding in negligence. The plaintiff is seeking damages for injuries she allegedly received when she fell on "an accumulation of ice and snow on a path made by footprints across the snow on CT Page 5148 the lawn parallel to [the road] and perpendicular to the driveway. . . ."
Specifically, the plaintiff alleges that: "Said violent slip and fall of the plaintiff was due to, and proximately caused by, the negligence and carelessness of the defendant and/or its servants, employees, agents, or representatives, in one or more of the following ways:
 a. In that it permitted a dangerous and hazardous condition to exist on said premises, namely, that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway, when it knew, or should have known, that said premises was to be used by business invitees;
 b. In that it failed to remove the accumulation of ice and snow from the sidewalk and parking lot within a reasonable time after it accumulated on the ground, making it unsafe for invitees to use the sidewalk to walk from the door of the medical office to the driveway;
 c. In that it failed to properly provide and train sufficient personnel to monitor its property to protect against dangerous and hazardous conditions, namely, that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway;
 d. In that it failed to warn its patrons, including the plaintiff, of the dangerous condition described above;
 e. In that it failed to rope off or put up barriers to prevent the plaintiff from walking over the accumulation of ice and snow on the path . . .;
 f. In that it failed to maintain the sidewalk and parking lot in a safe condition for business customers although it knew, or through the exercise of reasonable care should have known, that there was a reasonable likelihood of said slippery condition on said sidewalk and parking area and that this condition posed a hazard to its business customers, namely that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway.
CT Page 5149
 g. In that it failed to maintain its sidewalk and parking area in a safe condition, which left the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway.
The defendant has filed a motion for summary judgment based on the ground that the defendant "has no duty with respect to ice and/or snow on its yard and therefore cannot be liable for the plaintiff's injuries." The defendant also argues that the abutting sidewalk doctrine prevents the defendant from being held liable.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Maffucci v. Royal Park Limited Partnership, 243 Conn. 552, 554, A.2d (1998). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment . . . because the question is one of law." Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendant first argues that there is no case law "that places upon a defendant the burden of maintaining a lawn or yard free from an accumulation of ice and snow." Therefore, according to the defendant, it owed no duty to the plaintiff.
The court agrees that there is no Connecticut case directly addressing the removal of snow from a front lawn. However, one case, Frankovitch v. Burton, 185 Conn. 14, 440 A.2d 254 (1981), is wholly analogous to the facts presented here.
In Frankovitch, the plaintiff was a business invitee at a tavern when he determined that he was "in somewhat urgent straits and felt that he was required to utilize bathroom facilities immediately." Frankovitch v. Burton, supra, 185 Conn. 18. Upon finding that the bathroom was blocked by a juke box, the plaintiff decided to care for his needs outside. Id. He exited the building and stepped to his right, walking adjacent to the front of the building and behind some shrubs or plantings. Id. The plaintiff claimed that "it looked like there was a small walk there." Id. However, the plaintiff took "one step around the corner" of the building and "plunged thirteen feet to the bed of a rocky brook below." Id., 19. CT Page 5150
The tavern owner argued that his duty of care did "not extend to those portions of the premises which the defendant had not expressly or impliedly invited his business visitors to use, or which he would not reasonably expect his business visitors to use in connection with the conduct of the business on the premises in question." Frankovitch v. Burton, supra, 185 Conn. 20. This argument is similar to the argument raised by the defendant here.
"The measure of duty owed the plaintiff by the defendant with respect to the condition of the premises was the exercise of reasonable care to have and keep them reasonably safe for the reasonably to be anticipated uses which he would make of them."Frankovitch v. Burton, supra, 185 Conn. 20. See also Morin v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327,612 A.2d 1197 (1992) ("A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe.").
"The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Frankovitch v. Burton, supra, 185 Conn. 20-21.
The Frankovitch court ultimately determined that "[w]hether the defendant should have anticipated danger from the particular use made of the premises by the plaintiff presents a close question, but it does present a question of fact. While an invitee who exceeds the limits of his invitation loses his status as an invitee . . . whether this plaintiff had done so here depends upon whether his use of the premises was such as the defendant might reasonably have contemplated." Frankovitch v.Burton, supra, 185 Conn. 21.
In the present case, there exists a question of fact whether the defendant should have anticipated the danger that existed here. In other words, was it foreseeable to the defendant that a person might cross the makeshift path on the ice and snow covered lawn and injure themselves? If so, the defendant owed the plaintiff a duty to make safe the area on which the plaintiff CT Page 5151 fell.
Once the existence of a duty is established, a plaintiff may recover "for the breach of [the] duty owed to her as a business invitee, [if] she . . . [proves] that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall. . . . Either type of notice must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." Fuller v. FirstNational Supermarkets, Inc., 38 Conn. App. 299, 301, 661 A.2d 110
(1995).
Currently before the court is the defendant's motion for summary judgment. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." Miller v.United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995). Here, the defendant does not provide any evidence regarding the existence of the duty (i.e. whether it could have anticipated the danger) or whether it had notice of the dangerous condition. The defendant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. NewBritain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996). The defendant has not met this burden. The motion for summary judgment based on the duty issue, therefore, must be denied.
The defendant also claims that the plaintiff stated during her deposition that she decided to cross the lawn because she feared falling on the icy sidewalk. According to the defendant, "to the extent that the sidewalk condition may have caused [her] injuries, [the defendant] can have no liability." The defendant argues that the abutting sidewalk doctrine bars the plaintiff's recovery from the defendant for injuries received caused by the condition of the sidewalk.
It is true that a property owner whose land abuts a public sidewalk is not liable for injuries resulting from the effects of ice and snow accumulation on the abutting public sidewalk. SeeWilloughby v. New Haven, 123 Conn. 446, 197 A. 85 (1937). An exception to this doctrine exists where the municipality adopts an ordinance explicitly shifting liability to the property owner. See General Statutes § 7-163. Stamford has no such ordinance.[1] Therefore, only the city of Stamford may be held CT Page 5152 liable for injuries arising from the effects of snow and ice accumulation on public sidewalks.
The plaintiff argues that her complaint "makes no allegations concerning the condition of the public sidewalk. As a result, [General Statutes] § 7-163a is not applicable to the issues pending in this action. . . ." However, the plaintiff alleges, in her complaint, that her fall "was due to, and proximately caused by, the negligence and carelessness of the defendant . . . in one or more of the following ways:
 a. In that it permitted a dangerous and hazardous condition to exist on said premises, namely, that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway, when it knew, or should have known, that said premises was to be used by business invitees;
 b. In that it failed to remove the accumulation of ice and snow from the sidewalk and parking lot within a reasonable time after it accumulated on the ground, making it unsafe for invitees to use the sidewalk to walk from the door of the medical office to the driveway;
 c. In that it failed to properly provide and train sufficient personnel to monitor its property to protect against dangerous and hazardous conditions, namely, that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway;
 f. In that it failed to maintain the sidewalk and parking lot in a safe condition for business customers although it knew, or through the exercise of reasonable care should have known, that there was a reasonable likelihood of said slippery condition on said sidewalk and parking area and that this condition posed a hazard to its business customers, namely that the sidewalk was covered with ice and snow, leaving the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway.
 g. In that it failed to maintain its sidewalk and parking area in a safe condition, which left the path across the lawn as the least hazardous way to walk from the door of the medical office to the driveway.
CT Page 5153
Emphasis added. Attached to the complaint is a map drawn by the plaintiff herself. This map indicates that the "sidewalk" abuts the demised property. The plaintiff indicates on the map that this sidewalk was covered with snow. The court cannot, however, determine from this map, or the allegations in the complaint, or by way of any evidence submitted in support of the motion, whether the sidewalk is public or privately owned by the defendant. Based on the above analysis if the sidewalk is public, the defendant is entitled to summary judgment on all portions of the complaint alleging negligence due to the condition of said sidewalk. However, "[i]n ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
It is clear to this court, that an issue of fact exists regarding whether the sidewalk is public or privately owned. The defendant's motion for summary judgment, therefore, is denied.
So Ordered.
D'ANDREA, J.