[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15043
 I
The court finds the following facts. While shopping in the defendant's store, the plaintiff slipped and fell on either lettuce leaves or beet leaves. It is more probable than not that these leaves fell to the floor from the boxes of vegetables that the defendant's employee was unloading into the vegetable bins on the opposite side of the aisle at the time that the accident occurred. The court is not required to find that the leaves got to the floor as the result of the affirmative act of unloading the vegetables by the employee. The court is permitted to infer, and does infer, that the leaves fell from the boxes to the plaintiff's side of the aisle while the boxes were being unloaded. It matters not whether they fell to the floor under their own weight or were knocked to the floor by a passerby. In either event, the defendant, acting through its employee, created the unsafe condition by failing to take reasonable steps to prevent the leaves from falling from the boxes or being dislodged by a customer. Holody v. First National Supermarkets, Inc.18 Conn. App. 553 (1989). Finally, there was no evidence that the plaintiff was comparatively negligent.
 II
In falling to the floor, the plaintiff's right leg bent beneath her body. She suffered a severe sprain to her medial collateral ligament causing swelling, discomfort and loss of range of motion. She continues to have difficulty climbing stairs and sleeping. She is no longer able to ski or take walks.
The court awards damages as follows:
Economic $ 1,845.75
Non-economic $15,000.00
So ordered.
THE COURT,
MOTTOLESE, J. CT Page 15044