[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has failed to sustain his burden of proof that the defendant had either actual or constructive notice of the existence of the wet condition which he claims caused him to slip and fall in the defendant's supermarket. Either type of notice must have been notice of the very defect which occasioned the injury and not merely notice of the conditions naturally productive of the defect. Fuller v. First National Supermarkets,Inc., 38 Conn. App. 299 (1995).
The court finds that the plaintiff was unable to identify the nature or quantity of the wet substance. It does not benefit the plaintiff that the fall occurred only 8 or 9 feet from the end of the floor mat in the vicinity of the shopping carts. That the defendant should have known that the floor might be wet in that location because it had rained earlier in the day is insufficient to create a duty on the part of the defendant. Fuller v. FirstNational Supermarkets, Inc., supra.
Judgment may enter for the defendant.
THE COURT,
Mottolese, Judge