[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Johanna D'Ambrosio, brings this action by way of an amended complaint against the defendant, K-Mart Corporation, seeking damages as a result of a fall at the defendant's store in Wethersfield, Connecticut.
The defendant denies the pertinent allegations of the complaint relating to fault and/or negligence on its part, causing plaintiff's injuries and any resulting damages. It also affirmatively alleges that any injury suffered by the plaintiff was the result of her own negligence and not that of the defendant.
The factual situation regarding the plaintiff's fall is straightforward. She, together with her sister, Patricia Johnson, went shopping at the defendant's Wethersfield store. They entered the store and walked a short distance into the store where, in passing, they notice a display of poinsettia plants. They briefly noticed that the plants were on sale; that, the Christmas holiday sale period was over and that the poinsettias were leftover plants and were in a shopworn condition; that some petals and other debris had fallen to the floor. CT Page 6235
The plaintiff and her sister continued into the store. They completed their shopping within a brief period of time. The plaintiff's sister went to the cashier counter; the plaintiff headed for the shoe department. This required that she pass the poinsettia display. She came abreast of the plants when suddenly and unexpectedly her left leg slid from under her and she fell to the floor. Her sister helped her to her feet, noticing that the heel or sole of the plaintiff's left shoe had some poinsettia petals or leaves caught on it. Also, that the tile floor had a long, dark mark where the plaintiff's shoe had slid as the plaintiff fell.
Shortly thereafter, an employee of the defendant arrived, asked the plaintiff about her injuries and offered to call medical assistance. The plaintiff, although shaken and in some pain, informed him she did not think she needed any medical help. He then had the plaintiff, assisted by her sister, go to the employee's lounge where he questioned her. After that, the plaintiff left again assisted by her sister, for home.
At plaintiff's home, the plaintiff laid on a couch. Her sister applied ice packs on various injured areas of the plaintiff's body. Later in the day, after plaintiff's husband arrived home, it was decided to take the plaintiff to a walk-in medical care facility.
The plaintiff complained of pain over various areas of her body — buttocks, knees, back, etc.
It was then determined that she be treated by Dr. Roy Beebe, an orthopedist, for her back and knee injuries.
Eventually, it was medically determined that the plaintiff had torn cruciate ligaments and the lateral meniscus in her left knee. Dr. Beebe felt that because of her ability to get around, at her age, over fifty (50) years, surgery was not recommended. She, however, felt she needed the surgical intervention and consulted Dr. John O'Brien, who performed the surgery. Plaintiff seemed to be satisfied with the result.
The defendant contends it is not liable to the plaintiff for any damages she many have suffered because of any dangerous condition resulting from the fallen poinsettia leaves or blossoms; that, it was the plaintiff's own negligence that was the proximate cause of any injuries and damages she may have CT Page 6236 sustained.
The court, after hearing the parties' witness, examining the presented evidence and applying the applicable law to the facts found by the court by a preponderance of the evidence, determines that:
The plaintiff's fall was the direct result of the defendant's actions in placing the poinsettia plants where its leaves and blossoms would fall into an area where defendant's invitees would be expected to walk over. The defendant did attempt to reduce this hazard by placing a mat or rug adjoining the poinsettia stand to catch the falling leaves. However, no such protection was provided for those leaves that fell or were moved outside the mat or rug.
Thus, the defendant had knowledge of the situation created by the falling poinsettia leaves and attempted to reduce the damages to its invitees by placing a mat to catch the falling leaves. This, however, was not sufficient to prevent a slip and fall, as suffered by the plaintiff, outside the mat area. Fuller v. FirstNational Supermarkets, Inc., 38 Conn. App. 299 (1995).
That, the plaintiff suffered injuries to her body as a result of the slip and fall. These injuries included her left knee and cervical spine. She required medical attention and was disabled for a period of time. She also incurred permanent disability of 20 percent to her left extremity, as well as 7 1/2 percent permanent disability of her cervical spine.
That, these injuries and disabilities resulted from the plaintiff's slip and fall at the defendant's premises and from the defendant's negligence in permitting the accumulation of debris from the poinsettia plants onto the floor area used by defendant's invitees including the plaintiff.
The court further finds on the defendant's Special Defenses that the plaintiff was 25 percent contributorily negligent in that she was aware of the condition created by the fallen plant debris and failed to use that degree of care expected of her in the situation then and there existing.
Therefore, judgment is to enter for the plaintiff on her amended complaint for the purposes and sums, as follows:
CT Page 6237 Economic: $ 29,521.58
 Non-Economic: 74,478.42
104,000.00
 Plaintiff's Percentage of Negligence: 25%
 Defendant's Percentage of Negligence: 75%
Total Negligence: 100%
Amount due to the plaintiff from the defendant after consideration of the negligence of each party amounts to $78,000, together with court costs.
Kremsky, J. Judge Trial Referee