[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON MOTION TO SET ASIDE VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT
 FACTS
On December 15, 1999, the plaintiff, Winifred Ralston, filed an amended complaint against the defendant, Stop and Shop Companies, Inc., alleging that the defendant negligently caused her personal injury. The plaintiff alleges that on June 11, 1998, she tripped and fell on a rolled-up rug under the broccoli display while shopping in the produce section of the defendant's supermarket.
On April 17, 2000, the jury returned a verdict in favor of the plaintiff. The defendant filed a motion to set aside the verdict on April 24, 2000, and a motion for judgment notwithstanding the verdict on April 26, 2000. On June 5, 2000, the plaintiff filed an objection to the defendant's motion to set aside the verdict and the motion for judgment notwithstanding the verdict.
A "verdict will be set aside and judgment directed only if [the court finds] that the jury could not reasonably and legally have reached their conclusion." Ham v. Greene, 248 Conn. 508, 519, 729 A.2d 740 (1999). "The CT Page 13659 trial court should not set a verdict aside where there was some evidence upon which the jury could reasonably have based its verdict, but should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles. . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion." (Internal quotation marks omitted.) Purzycki v. Fairfield,244 Conn. 101, 106-07, 708 A.2d 937 (1998).
"[I]n passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at the verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside the verdict and to grant a new trial. The trial judge has a broad legal discretion and his action will not be disturbed unless there is a clear abuse. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Citations omitted; internal quotation marks omitted.) Wichers v. Hatch, 252 Conn. 174, 186-87, 745 A.2d 789
(2000).
In its motion to set aside verdict, the defendant contends that the jury verdict must be set aside for the following reasons: (1) the court improperly charged the jury as to the creation of a defective condition when the plaintiff's complaint did not allege that the defendant created the defective condition which allegedly caused the plaintiff's injury, (2) the court improperly charged the jury as to the burden of proof regarding comparative negligence, and (3) the jury's verdict was against the weight of the evidence.
First, the defendant argues that the jury charge as to the creation of a defective condition was improper when the plaintiff's complaint did not allege that the defendant created the defect that caused the plaintiff to CT Page 13660 slip and fall. The defendant argues that to the extent that the jury's verdict was based on that charge, the verdict must be set aside.
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of [its] complaint. . . . However, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) NormandJosef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486,496, 646 A.2d 1289 (1994). "Furthermore, a judgment ordinarily cures pleading defects. . . . The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike, however, is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect." (Citation omitted; internal quotation marks omitted.) Id., 497.
Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299,661 A.2d 110 (1995), presents the same issue and directly controls the case at bar. In Fuller, the plaintiff instituted a negligence action against the defendant, claiming that the accumulation of pricing stickers on the defendant supermarket's floor caused her to fall. The defendant inFuller asserted, as does the present defendant, that the plaintiff's complaint failed to allege that the defendant created the defect, and the complaint only supported a claim that the defendant was negligent in not discovering and remedying a defective condition on its floor. Id., 300. To prevail on the latter claim, the plaintiff was required to prove that the defendant had either actual or constructive notice of the defective condition. Id. On the other hand, the claim that the defendant created the defect would not require the plaintiff to prove notice. Id. Consequently, the defendant argued that the court improperly submitted to the jury the issue of whether the defendant created the defective condition, which the plaintiff had not alleged in her complaint. Id. The plaintiff argued that her entire case was tried on the premise, as alleged broadly in her complaint, that the defendant created the defect and therefore had actual notice of the existence of the condition. Id.
The Appellate court held that "the complaint, read broadly and CT Page 13661 realistically, provided the defendant with sufficient notice that the plaintiff was claiming that the defendant caused [the defect]. Id., 303. The court also held that the evidence presented at trial supported such a claim. Id. "It was unnecessary for the court to charge as to the necessity of notice to the defendant of the dangerous condition of the premises since upon the evidence that condition was created by its own agent." (Internal quotation marks omitted.) Id., 304. Thus, the court concluded, the defendant could not prevail on its claim that the trial court erred in submitting the issue of whether the defendant created the defective condition to the jury. Id.
Similarly, the defendant here argues that the court erred in submitting the issue of whether the defendant created the defective condition to the jury. The plaintiff has alleged that the rug at issue was in the defendant's supermarket and caused her to trip and fall in the area of the supermarket where she was shopping. In addition, Rocco Detullio (Detullio), the present manager and a long time employee of the defendant's supermarket, testified that the defendant's employees were aware of the rug at issue, that the rug was the same type of rug used by the defendant in 1998, and that the defendant periodically had the rugs in the supermarket rolled up for cleaning. Therefore, the pleadings support the charge given by the court. The plaintiff's complaint, read broadly and realistically, provides the defendant with the requisite notice that the plaintiff was claiming that the defendant caused the defect.
Next, the defendant argues that the court improperly instructed the jury as to the burden of proof regarding comparative negligence. Specifically, the defendant alleges that the court improperly instructed the jury that if the plaintiff was more than 51 percent negligent for the accident, she would be unable to recover.[1] According to the defendant, such instruction would require the defendant to assume a burden of proof greater than that by fair preponderance of the evidence.
"The test of a proper jury charge is whether it fairly presents the case to the jury, in such a way that injustice was not done under the rules of law to the legal rights of either litigant. . . ." Mack v.Perzanowski, 172 Conn. 310, 313, 374 A.2d 236 (1977). "A proper jury charge must be correct in law, adapted to the issues and ample for the guidance of the jury. . . ." Nesbitt v. Mulligan, 11 Conn. App. 348,354, 527 A.2d 1195, cert. denied, 205 Conn. 805, 531 A.2d 936 (1987). "In reviewing a challenge to jury instructions, we must examine the charge in its entirety." Felsted v. Kimberly Auto Service, Inc., 25 Conn. App. 665,668, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991). "Jury instructions need not be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for CT Page 13662 the guidance of the jury." (Internal quotation marks omitted.) Kelley v.Bonney, 221 Conn. 549, 584, 606 A.2d 693 (1992). "In determining whether the jury was misled, it is well established that [a] charge to the jury is not to be critically dissected for the purpose of discovering probable inaccuracies of statement, but is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." State v. Cansler, 54 Conn. App. 819,834, 738 A.2d 1095 (1999).
General Statutes § 52-572h(b) provides, in relevant part: "In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. The economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering which percentage shall be determined pursuant to subsection (f) of this section." Under the plain language of § 52-572h, the plaintiff is barred from recovery if her negligence was greater than that of the defendant. It means that even if the plaintiff's negligence was just minimally over 50 percent, for example, 50.05 percent, the plaintiff could not recover.
Taken as a whole, the jury charge as to the law of comparative negligence was proper and entirely correct on the law.[2] Even though the court mentioned that if the plaintiff was 51 percent negligent she would be barred from recovering, the court mentioned it as an example to explain to the jury the concept of comparative negligence.[3]
Furthermore, even assuming that the jury relied on the 51 percent figure in determining liability, the effect of the jury charge was harmless. It is significant that the jury returned a plaintiff's verdict indicating that the plaintiff was 50 percent negligent. It is fair to infer, based on the jury's comparative determination of liability, that the jury intended to allow the plaintiff to recover, though her recovery must be deducted by the extent of her own negligence. If the jury had intended to prevent the plaintiff from any recovery, the jury would have used the 51 percent figure to deny recovery to the plaintiff. "[A charge] will not be the source of reversible error absent a determination that the probable effect of the charge was to lead the jury to an incorrect verdict."Norrie v. Heil Co., 203 Conn. 594, 606, 525 A.2d 1332 (1987). The jury's CT Page 13663 determination of liability reflected a correct understanding of the comparative negligence scheme as charged by the court, and the jury charge was proper.
Finally, the defendant argues that the verdict was against the weight of the evidence with regard to two of the essential elements. First, the testimony in the case showed that the defendant did not use or employ any black rubberized mat, either rolled or folded, contradicting the plaintiff's allegation that the defendant used such a mat in the store. Second, to the extent that the jury could believe that such a mat existed, the jury should not conclude that the mat belonged to the defendant.
The jury chose to credit the plaintiff's testimony that the defendant created the hazardous condition, a rolled-up rug, which caused her injury and that the mat belonged to the defendant. It is within the jury's province to assess the weight of the evidence, and the court must respect the jury's determination. See State v. Sanchez, 50 Conn. App. 145, 153,718 A.2d 52, cert. denied, 247 Conn. 922, 722 A.2d 811 (1998) ("The weight of evidence and the credibility of witnesses was for the jury to determine, and, therefore, we will not disturb the jury's verdict."). "The test employed in analyzing a sufficiency of the evidence claim is whether or not, on the basis the evidence introduced, a reasonable jury, properly motivated, could bring in a verdict against the defendants. . . ." (Internal quotation marks omitted.) Fuller v. FirstNational Supermarkets, Inc., supra, 38 Conn. App. 305. As in Holodyv. First National Supermarkets, Inc., 18 Conn. App. 553, 559 A.2d 723
(1989), the central issue in this case was "whether the plaintiff produced evidence from which the jury could infer and reasonably believe, in the exercise of common sense, that it was more probable than not that the defendant, without any intervening action by any third party"; id., 556; created the defective condition, that is, a rolled-up rug, that caused the plaintiff's injury. See Fuller v. First National Supermarkets, Inc., supra, 38 Conn. App. 305. Detullio testified that the defendant periodically had the rugs in the supermarket rolled up to be cleaned. (Transcripts, April 12, 2000, p. 33.) He also testified that customers were not allowed to roll or fold up rugs. (Id., pp. 44-45.) After reviewing the record before the court and considering the evidence in the light most favorable to sustaining the verdict, the jury reasonably could have found as it did. See Fuller v. First National Supermarkets, Inc., supra, 38 Conn. App. 305.
 CONCLUSION
For the reasons set above, the court denies the defendant's motion to set aside the verdict and its motion for judgment notwithstanding the CT Page 13664 verdict.
Holden, J.