[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter seeks damages for injuries allegedly sustained as a result of a fall on premises of the defendant which CT Page 1236 occurred on November 10, 1997.
After entering the store, the plaintiff testified that he was caused to slip and as a result hurt his knee. He looked at the floor, saw a shiny surface which he later found out was water. He went about his shopping and then reported his fall to one of the cashiers and pointed out the location of his fall, a point about 10 feet into the store.
The defendant's store manager on duty at the time was one Melissa Peluse. When discussing the incident with the plaintiff, he was asked to point out the location where he was caused to slip. According to Ms. Peluse, he pointed out a spot just inside the entrance door where there was a 5 inch metal strip. This strip was a metal grate-like affair. She noticed that this strip was wet which was due to an all-day rain and customers coming in from outside. (See P. Ex. 6). There is no question from the testimony of the plaintiff and the defendant's manager that two different locations as to the site of the claimed defect have been identified. No other evidence was produced to determine the location of the claimed defect with reasonable certainty.
For a plaintiff to recover for the breach of a duty owed to him as a business invitee he must allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused the fall. Either type of notice, actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect, even though subsequently in fact producing it. Fuller v. First NationalSupermarkets, Inc., 38 Conn. App. 299.
After examination of the testimony of the principal witnesses, the plaintiff and Ms. Peluse, the court is unable to determine the location of the claimed defect; whether it was 10 feet inside the store as claimed by the plaintiff or at the location of the metal strip just inside the door as testified to by Ms. Peluse. As a consequence, the court is unable to make a judgment as to the location of the claimed defect without resort to speculation and therefore is unable to draw any conclusion as to the existence of any condition which could have constituted a defect.
With the plaintiff having failed to establish by a fair preponderance of the evidence the allegations of his complaint as regards a defect on the defendant's premises, judgment may enter for the defendant.
George W. Ripley II Judge Trial Referee