[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3614
 STATEMENT OF THE CASE
The plaintiff seeks to recover damages for personal injuries he received as the result of a fall in the defendant's premises, "Toad's Place," in New Haven on February 12, 1997.
The plaintiff was legally on the premises, having been permitted entry after a payment to an attendant at the entrance to the establishment.
At the conclusion of the plaintiffs case, the defendant moved for a dismissal on the grounds that the plaintiff had not established that the defendant had actual or constructive notice of the defect complained of and that the condition had existed long enough to permit the defendant to remedy the situation or warn of its existence. (Citations omitted).
The court reserved decision on the motion and the parties filed post trial briefs.
 DISCUSSION
The plaintiff argues that his fall was caused by "an accumulation of fluid at the head of the stairs. . . ." He produced testimony that there were two large trash cans on each side of the stairway, that they were filled to overflowing with empty cans and bottles which "lay all around them."
Assuming this to have been the case, the notice requirement would not have been satisfied. Actually, the plaintiffs photographs showed the location of the trash cans to be some distance away from the stairway.
However, the plaintiff further argues that in this case notice is presumed because the defendant created the defect that caused the injury. In support of his position, he cites Tuite v. Stop Shop Cos.,45 Conn. App. 305, 308 (1997):
"`It is well established that a plaintiff does not have to prove that a defendant had actual or constructive notice of a dangerous condition when the plaintiff claims the defendant's employees created the condition.' See Fuller v. First National Supermarkets, Inc., 38 Conn. at 299, 300, 661 A.2d 110
(1995) . . . In these types of cases, the defendant is deemed to have actual notice of the dangerous condition that its employees created . . ." CT Page 3615
This case is of no help to the plaintiff, for he has not proved that the defendant created the defect — the liquid at the landing at the top of the stairs. (Tuite, at 309).
In Tuite, the defendant's employer had actually placed plants on the floor where they were sprayed and lost some petals. This left water and flower petals on the floor, causing the plaintiff's fall.
Judgment may enter for the defendant.
Anthony V. DeMayo, J.T.R.