[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment pursuant to Practice Book § 17-44 et seq. The defendant represents that there are no material questions of fact as the plaintiff is unable to prove that the defendant had actual or constructive notice of any alleged defect prior to the time of the plaintiffs fall at the defendant's restaurant.
This is an action to recover damages for injuries sustained as a result of a slip and fall accident which occurred on August 2, 2001. The plaintiff alleges that she was caused to slip and fall on a dark slippery substance on the floor of the defendant's restaurant. CT Page 7803
 I
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). The issue of causation is a question of fact for the trier of fact,Abrahams v. Young and Rubicam, Inc., 240 Conn. 300, 307 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446 (1984).
"Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder TruckRental, Inc., 178 Conn. 371, 374 (1979).
 II
The plaintiff was a business invitee to whom the defendant "owed . . . a duty to keep its premises in a safe condition." Gulycz v. Stop ShopCompanies, 29 Conn. App. 519, 521, 615 A.2d 1087 (1992), cert denied,224 Conn. 923, 618 A.2d 527 (1992). "For a plaintiff to recover for a breach of duty owed to her by a business invitee, she . . . has to allege and prove that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her to fall. . . ."Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299, 301,661 A.2d 110 (1995). If however, the plaintiff claims that the alleged CT Page 7804 defect was caused by the defendant's employees, the defendant is deemed to have actual notice of the dangerous conditions that its employees created. Tuite v. Stop Shop Companies, 45 Conn. App. 305, 308-09,696 A.2d 363 (1997).
The plaintiff has alleged that the dangerous condition was created by a failure of the defendant's agents to inspect the premises. The word "agents," is interchangeable with the word "employees" within the context of the plaintiffs complaint, and would eliminate the necessity of the plaintiff proving the defendant's actual or constructive notice of the alleged dangerous condition.
Even if the allegation that the defendant's agents failed to inspect the premises is insufficient to constitute the creation of a defect, there is circumstantial evidence from which a trier of fact could infer that the defendant had constructive notice of the defect. Kurti v.Becker, 54 Conn. App. 335, 338, 733 A.2d 916 (1999); Gulycz v. Stop Shop Companies, supra at 522.
The plaintiff in her deposition testified that she slipped and fell on "something wet." The plaintiffs employee testified in her deposition that she saw a "dark gooey substance" on the floor in the general area of where the plaintiff fell. The defendant has testified he noticed a dark slippery substance on the bottom of the plaintiffs foot and on the floor of the premises near the plaintiffs fall. The fact that two witnesses identified the substance on the plaintiffs foot and the floor can support an inference that the substance had been there for a longer period of time. It is evidence from which a trier of fact could find that the defendant, in the exercise of due care, should have been aware of the existence of the substance and should have taken steps to remedy the condition. Moss v. New Haven Crown CVS, Inc., 2001 Ct. Sup. 9293, Superior Court, judicial district of New Haven at New Haven, No. CV98-0417730, (July 18, 2001) (Silbert, J.).
The motion for summary judgment is hereby denied.
The Court,
 by ___________________ Arnold, J.