WILSON, Judge.
I.
The Plaintiff brought this action pursuant to Sec. 3 of the Mohegan Torts Code, MTO 2001-07 seeking to recover damages for personal injuries allegedly sustained when she slipped on a strawberry on the floor at the Mohegan Sun Seasons Buffet. This court has jurisdiction pursuant to said ordinance and MTO 95-4, “An Ordinance Establishing the Gaming Disputes Court.”
II.
The Plaintiff alleges, and the Defendant admits, that the Plaintiff was a patron at the Mohegan Sun on May 16, 2002 and that the premises were owned, controlled, and possessed by the Defendant.
She also alleges that at about 7:20 PM on that date she was walking in the Defendant’s Buffet dining area when she was caused to slip and twist on a strawberry on the floor and that as a result of the slip and twist she sustained personal injuries to her lower back and upper leg bilaterally. She alleges that her injuries were caused by the negligence of the Defendant, through its agents, servants, and employees in that they caused or allowed and permitted the floor to be and remain covered and littered with debris, vegetable matter and other substances, when the same were dangerous to the Plaintiff and other patrons walking on the floor, and in several other related respects. The Defendant denies the operative allegations of the complaint, and affirmatively alleges that the Plaintiff herself was eontributorily negligent.
III.
The Plaintiff testified that while she was walking on the floor in the buffet she slipped on a strawberry and twisted her body; she did not fall to the ground, but regained or maintained her balance; in the process her feet went forward and she twisted her back and felt immediate pain. Casino personnel came to her aid and transported her to a hospital where she was treated and released. Thereafter she went to a chiropractor for further treatment for back and leg injuries.
The Plaintiff testified both at her deposition and at trial that she did not see the strawberry before she stepped on it, does not know how it got there, and does not know how long it had been there.
The Plaintiff called Ms. Ernestine Vaill as an eye witness. Ms. Vaill was an independent or neutral witness in that she did not know or have any relationship with either of the parties to this action. Ms. Vaill had been a patron at the Seasons Buffet on the date in question for about an hour prior to the incident. She testified that she saw the Plaintiff walking on the parquet floor and saw the Plaintiff slip on a strawberry on the floor and twist in a forward direction. Ms. Vaill testified that the floor was “dirty.” She did not know how the strawberry got onto the floor or how long it had been there.
The Defendant presented evidence from an environmental services employee, the Seasons Buffet Supervisor, two beverage servers, the Buffet Manager, and a security supervisor. The import of this evidence was that reasonable care was taken to maintain the premises reasonably safe for buffet patrons, and the court so finds,
IV.
This case is governed by the Mohegan Torts Code, MTO 2001-07. This ordi *340 nance, and the relevant case law, impose on the Plaintiff the burden of proving by a preponderance of the evidence that her injury was proximately caused by the Defendant’s failure to exercise reasonable care for the Plaintiffs safety. That is, the Plaintiff must prove that her injury was caused by some negligence of the Defendant. In the context of this case, the Plaintiff must establish that the Defendant negligently caused or allowed the strawberry to be placed on the floor, or negligently failed to remove it after having actual or constructive notice of its presence. There is no evidence that the Defendant caused or allowed the strawberry to be placed on the floor, nor is there any evidence that the Defendant had actual notice of its presence.
With respect to constructive notiee, case law requires that the Plaintiff establish that the strawberry in question was on the floor for a sufficient period of time such that the Defendant should have, in the exercise of reasonable care, discovered it and corrected the condition. Lehner v. MTGA GDTC-T-03-106 (August 13, 2004; Eagan, J.). As in Lehner, so here, the Plaintiff has failed to prove that the Defendant had constructive notice of the presence of the strawberry.
The Plaintiff has not alleged, and does not claim, that she was injured as a result of a “dirty” floor. Rather, she has alleged, and must prove, existence of a specific condition, i.e., a strawberry on the floor, and that the Defendant has at least constructive notice of the presence of that specific condition. The notice must be notice of the very defect which occasioned the injury and not merely of general conditions. See Fuller v. First National Supermarkets, Inc., 38 Conn.App. 299, 661 A.2d 110 (1995). Because there was no actual notice of that specific condition, the Plaintiff is left with the burden of proving constructive notice.
There is no hard and fast rule as to how long a period of time is required to give the Defendant constructive notice of a specific condition. “The response time of the Defendant to react to a dangerous condition is a fact-specific determination.” Ormsby v. Frankel, 255 Conn. 670, 692, 693, 768 A.2d 441 (2001). The court need not determine in this case what would be a sufficient period of time, for in any case there must be some measurable period of time. See Gentile v. MTGA 1 G.D.R. 76, 3 Am. Tribal Law 455, 2001 WL 36175286 (2001), and authorities cited therein. There, it was held that five minutes’ notice of a transitory condition was not sufficient constructive notiee. Here, there was no evidence of any measurable period of notice to the Defendant of the presence of the strawberry. Therefore, there was no evidence that the Defendant failed to exercise reasonable care for the safety of the Plaintiff.
The Plaintiff has failed to sustain her burden of proving that the Defendant was negligent in any of the respects set forth in the complaint.
Judgment may enter for the Defendant.